RUPERT *v.* VAN BUREN COUNTY.

1. Counties—Stenographers for Prosecuting Attorney—Appropriation.

The making of an appropriation by the board of supervisors for a stenographer for the prosecuting attorney determined the necessity for a stenographer in the prosecutor's office and fixed the compensation of such stenographer.

2. Same—Statutes—Prosecuting Attorney—Assistance.

Statute relative to appointment of assistant prosecuting attorneys, investigators, clerks, stenographers and other clerical employees as the board of supervisors may deem necessary and authorize by resolution does not authorize the board of super-

visors to select the particular person who shall serve as stenographer nor can the appointment of a so-called county stenographer by the board annul or modify the power of appointment lodged in the prosecuting attorney (1 Comp. Laws 1929, § 1297).

3. OFFICERS—APPOINTMENT OF WIFE OF PROSECUTING ATTORNEY AS STENOGRAPHER IN OFFICE—COMPENSATION—PUBLIC POLICY.

Since a married woman is, by statute, entitled to her earnings the same as if she were unmarried, the wife of a prosecuting attorney whom he had appointed as stenographer in the prosecutor's office was not prevented from recovering compensation from county for services rendered as such stenographer on the ground that the appointing power might receive some portion of the salary paid to the appointee and thereby contravene public policy (Comp. Laws 1929, §§ 1297, 13061).

BOYLES, J., dissenting.

Appeal from Van Buren; O'Neill (James E.), J., presiding. Submitted October 18, 1940. (Docket No. 106, Calendar No. 41,289.) Decided January 7, 1941.

Oradell Rupert presented her claim for services to Van Buren county board of supervisors. Claim disallowed. Claimant appealed to circuit court. Directed verdict and judgment for claimant. Defendant appeals. Affirmed.

*Harry C. Howard* and *Howard, Howard & Howard,* for appellant.

*Carl Benton* and *Joseph E. Killian,* for appellee.

SHARPE, C. J. This is an appeal from the allowance of a claim made by plaintiff, Oradell Rupert, against the county of Van Buren. The facts are not in dispute. At the October, 1938, session of the board of supervisors of Van Buren county, an appropriation of $1,200 was made for a stenographer in the office of the prosecuting attorney; and at a

meeting of the board of supervisors of December 13, 1938, the following resolutions were adopted:

"Motion by Supervisor Schnake, supported by Supervisor Hayne, that we appoint a county stenographer and that the county stenographer do all the work in the prosecuting attorney's office.

"Motion carried.

"Motion by Supervisor Crandall, supported by Supervisor Caris, that the rules be suspended and that Mrs. Genevieve Lamme be elected as county stenographer. .

"Motion carried."

On January 3, 1939, the prosecuting attorney of Van Buren county appointed his wife (plaintiff herein) as stenographer in the prosecuting attorney's office. From the time of the appointment, except for a period of illness, plaintiff performed the services usually performed in that office.

In September, 1939, plaintiff filed a claim in the amount of $800 for services rendered for the county of Van Buren in the office of the prosecuting attorney from January 1, 1939, to September 1, 1939. The claim was denied by the board of supervisors. An appeal was taken to the circuit court. The trial court held in favor of plaintiff and judgment was entered in favor of plaintiff in the sum of $813.

Defendant appeals and contends that the board of supervisors did not authorize the appointment of plaintiff as stenographer in the prosecuting attorney's office; and that it is against public policy for the prosecuting attorney to appoint his wife stenographer in his office.

The record shows that on October 20, 1938, the board of supervisors appropriated the sum of $1,200 for the salary of the prosecuting attorney's stenographer for the year 1939; that this appropriation

was never revoked or rescinded; and that such funds so appropriated are still on hand.

The principal question involves construction of 1 Comp. Laws 1929, § 1297 (Stat. Ann. § 5.791), which provides:

"In each county of the State of Michigan, the board of supervisors of such counties, at their regular annual meeting, may, by resolution authorize the appointment by the prosecuting attorney of said county of as many assistant prosecuting attorneys as said board of supervisors shall deem necessary, and shall in addition authorize the appointment by said prosecuting attorney, of such investigating officers, clerks, stenographers and other clerical employees as said board of supervisors shall deem necessary."

It is our opinion that the appropriation made by the board of supervisors for a stenographer determined the necessity for a stenographer in the prosecuting attorney's office and fixed the compensation of such stenographer. Section 1297, 1 Comp. Laws 1929, does not authorize the board of supervisors to select the particular person who shall serve as stenographer. Such a determination must of necessity be made by the prosecuting attorney. Nor can the appointment of a so-called county stenographer by the board of supervisors annul or modify in any way the power of appointment lodged in the prosecuting attorney.

It is also urged that it is against public policy for a prosecuting attorney to appoint his wife as stenographer in his official office. One of the reasons urged is that the appointing power may receive some portion of the salary paid to the appointee. In passing upon this question we have in mind that 3 Comp. Laws 1929, § 13061 (Stat. Ann. § 26.171), provides:

"Each and every married woman in the State of Michigan shall be absolutely entitled to have, hold, own, retain and enjoy any and all earnings acquired by any such married woman as the result of her personal efforts; and to sell or otherwise dispose of any and all such earnings, and to make contracts in relation thereto to the same extent that any such married woman could have or do if unmarried."

Under this section a married woman is entitled to her earnings; and in our opinion the prosecuting attorney's appointment of his wife stenographer in his office violates no theory of public policy.

The judgment of the trial court is affirmed, with costs to plaintiff.

Bushnell, Chandler, North, McAllister, Wiest. and Butzel, JJ., concurred with Sharpe, C. J.

Boyles, J. (*dissenting*). I do not agree with the holding as a matter of law that the board of supervisors had authorized the prosecuting attorney to appoint a stenographer. I think that under the record submitted to us it was a question of fact for the jury.

The prosecuting attorney of Van Buren county on taking office in January, 1939, appointed plaintiff (his wife) as his stenographer. After rendering services for a time she brought this suit against the county. The sole defense is that the board of supervisors did not authorize the prosecutor to make the appointment. The case was tried before a jury and at the conclusion of the proofs the trial court directed a verdict for plaintiff. The testimony and all proper inferences therefrom must be considered in the light most favorable to the defendant.

The circumstances were as follows: The board of supervisors, at the October, 1938, session, by motion

adopted the report of its finance committee. This was the usual budget appropriation for the ensuing year. It provided that the various sums named therein "be and are hereby appropriated for (from) the proper funds of the county, for the purpose as indicated and specified therein." The report contained approximately 170 separate items, 13 of these items were under the heading of "Prosecuting Attorney," one of which was "Stenographer, salary $1,200." Plaintiff claims that the board of supervisors by this action authorized the prosecuting attorney to appoint a stenographer. The trial court in directing a verdict held that as a matter of law this action of the board gave the prosecutor the necessary authorization.

The statute, 1 Comp. Laws 1929, § 1297 (Stat. Ann. § 5.791), providing for appointment of a stenographer for the prosecuting attorney is as follows:

"In each county of the State of Michigan, the board of supervisors of such counties, at their regular annual meeting, may, by resolution authorize the appointment by the prosecuting attorney of said county of as many assistant prosecuting attorneys as said board of supervisors shall deem necessary, and shall in addition authorize the appointment by said prosecuting attorney, of such investigating officers, clerks, stenographers and other clerical employees as said board of supervisors shall deem necessary."

The record shows that for about 20 years the board of supervisors of Van Buren county has been appointing a "county stenographer" under the provisions of Act No. 160, Pub. Acts 1915 (3 Comp. Laws 1915, § 15680), as amended by Act No. 329, Pub. Acts 1917. This act provides that the magistrate holding an examination in a criminal case not

cognizable by the magistrate might appoint a stenographer, at the request of the prosecuting attorney and with the consent of the respondent or his attorney, to take down the testimony. As amended by the criminal code (Act No. 175, Pub. Acts 1927 [3 Comp. Laws 1929, § 17203 (Stat. Ann. § 28.929)]), this act provides that evidence given by witnesses in such examinations, unless otherwise provided by law, "shall be taken down in shorthand by a county stenographer where one has been appointed under the provision of any local act of the legislature *or by the board of supervisors of the county wherein such examination is held,* or the magistrate for cause shown may appoint some other suitable stenographer at the request of the prosecuting attorney of said county with the consent of the respondent or his attorney to act as official stenographer pro tem."

For many years the "county stenographer" thus appointed for Van Buren county has been doing the work of a stenographer for the prosecuting attorney in addition to taking testimony on examinations in criminal cases and performing other services for the county. After the board of supervisors had adopted the county budget in October as hereinbefore stated, some controversy arose between the prosecuting attorney-elect and members of the board of supervisors in regard to the prosecutor appointing a stenographer. At an adjourned meeting of the board of supervisors on December 13th it took the following action:

"Motion by Supervisor Schnake, supported by Supervisor Hayne, that we appoint a county stenographer, and that the county stenographer do all the work in the prosecuting attorney's office.

"Motion carried.

"Motion by Supervisor Crandall, supported by Supervisor Caris, that the rules be suspended and

that Mrs. Genevieve Lamme be elected as county stenographer.

"Motion carried."

We are not called upon to determine whether the attempted appointment of Mrs. Lamme was legal. However, it is evident from the above action on December 13th, before plaintiff was appointed, that the board of supervisors intended to follow the practice of previous years. The prosecuting attorney and his wife (the plaintiff) had ample notice and knowledge of these circumstances before the prosecutor attempted to make this appointment. There was nothing new in the mere circumstance that the budget appropriation contained an item for "Stenographer, salary $1,200."

The subject matter of this suit was before us in *Rupert* v. *Van Buren County Clerk,* 290 Mich. 180, wherein this plaintiff sought mandamus to compel the county clerk to issue a warrant to her for compensation. This court denied the writ and in so doing said:

"In view of the fact that the board of supervisors failed to authorize the appointment of a stenographer for the office of the prosecuting attorney, the county clerk was required to construe section 1297 to determine whether the prosecuting attorney had the right to appoint a stenographer. Such action would involve judgment. It was not a mere ministerial duty."

While it might appear that we thus decided the question at bar, we did not have in the mandamus case many of the circumstances shown by the present record. These circumstances raise an issue of fact as to whether the board of supervisors did authorize the prosecuting attorney to appoint a stenographer at county expense. While the facts are not

largely in dispute, the inferences to be drawn from these circumstances raise a question for the jury.

Judgment should be reversed and the cause remanded for new trial, with costs to abide the outcome.