# STATE OF MICHIGAN

# COURT OF APPEALS

DUANE LOCKWOOD, RONALD CYBULSKI,
DAVID VOLLMAR, GEORGE MIKA, and
EUGENE DAVISON,

Plaintiffs-Appellees,

v

TOWNSHIP OF ELLINGTON, ERIC
ZBYTOWSKI, and ED TALASKI,

Defendants-Appellants.

FOR PUBLICATION
March 13, 2018
9:05 a.m.

No. 338745
Tuscola Circuit Court
LC No. 17-029711-AW

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

JANSEN, J.

Defendants, the Township of Ellington, Eric Zbytowski, and Ed Talaski, appeal as of right the May 22, 2017 judgment outing Zbytowski and Talaski from the Ellington Township Planning Commission, and instead reinstating the appointments of plaintiffs Eugene Davison and George Mika to the planning commission. The basis of defendants' appeal, however, is actually a challenge to the trial court's order granting summary disposition, pursuant to MCR 2.116(C)(10), in favor of plaintiffs, Duane Lockwood, David Vollmar, Ronald Cybulski, Mika, and Davison. We reverse and vacate the trial court's order granting summary disposition in favor of plaintiffs and the trial court's judgment in favor of plaintiffs.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This case arises out of a November 1, 2016 meeting of the Ellington Township board. The November 1, 2016 meeting had been rescheduled from November 8, 2016, which was election day. It is uncontested that no notice of the November 1, 2016 open meeting was posted at the Ellington Township Hall, as is required under the Open Meetings Act (OMA), MCL 15.265. During the November 1, 2016 meeting, the board appointed and verified the appointments of Mika and Davison to the planning commission. Mika and Davison were to serve three-year terms, beginning on January 1, 2017. Mika and Davison each took an oath of office on November 15, 2016.

Subsequently, a new board took office, and at a special board meeting on November 22, 2016, the new board concluded that the November 1, 2016 meeting was held in violation of

-1-

OMA, therefore the events of that meeting would be added to the December meeting agenda. This included the appointments of Mika and Davison. At the December 15, 2016 board meeting, the board did not ratify the appointments of Mika and Davison to the planning commission. Instead, the board resolved to accept applications for the vacancies that the removals created. On January 17, 2017, the board approved the appointments of Zbytowski and Talaski to the planning commission.

On March 20, 2017, plaintiffs Lockwood, Cybulski, and Vollmar filed a complaint for quo warranto relief.[1] Plaintiffs stated that they were lessors of land, leased by Next Era Energy Resources, LLC, for the purpose of development of a wind energy conversion system in Almer, Fairgrove, and Ellington Townships known as Tuscola Wind III, LLC (the Tuscola Wind Project). Plaintiffs explained that the Tuscola Wind Project would utilize their properties and they would generate income from the leases.

Plaintiffs first alleged that the Ellington Township board erroneously invalidated the actions of the November 1, 2016 meeting because OMA does not permit a public body to invalidate prior actions taken, and further, that the board had not engaged in any evaluation or discussion regarding whether the November 1, 2016 meeting impaired the rights of the public because no notice was given. Additionally, the invalidation of the appointments of Mika and Davison to the planning commission were unlawful

> as contrary to MCL 125.3815(a); Section 6 of the Township of Ellington Planning Commission Ordinance and Section 5c of its Bylaws which require finding of misfeasance, malfeasance, or nonfeasance in office, written charges, notice, and an opportunity to be heard.

Because Mika and Davison were unlawfully removed from the planning commission, plaintiffs alleged that Zbytowski and Talaski were "usurping, intruding into, or unlawfully holding office on the Ellington Township [p]lanning [c]ommission."[2] Plaintiffs requested the trial court order

---

[1] On March 17, 2017, filed an ex parte application for leave to institute a quo warranto action, noting that they had requested the Attorney General bring this action on February 21, 2017, and he had refused to do so. On March 17, 2017, the trial court granted plaintiffs application.

[2] Plaintiffs also alleged that four of the five members of the new Ellington Township board, as well as Zbytowski and Talaski, were part of a political action group called "Ellington-Almer Township Concerned Citizens," which openly opposed and actively attempted to stop the Tuscola Wind Project. Plaintiffs alleged that at the November 22, 2016 special board meeting, in addition to erroneously placing the events of the November 1, 2016 meeting on the December agenda, the board "enacted a Wind Energy Conversion Facilities Moratorium Ordinance, freezing Township consideration of the Tuscola Wind III project." Further, on January 17, 2017, the new board had approved a motion to strengthen the regulations for "noise, setback, shadow flicker, decommissioning, and conflict resolution for Wind Energy Conversion Systems, and that the [p]lanning [c]ommission make a recommendation to the [board] regarding such proposed amendments." Plaintiff went on to allege that they were "apprehensive that [the board] in

the ouster of Zbytowski and Talaski from the planning commission, order that Mika and Davison were entitled to serve complete three-year terms on the planning commission, and enjoin Zbytowski and Talaski from holding office or participating as members of the planning commission until a determination was made regarding the rightful holders of office on the planning commission.

Before defendants could file an answer, plaintiffs filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff argued that OMA does not vest a public body with the power of invalidation. Rather, OMA "provides that an action may be commenced in the circuit court to challenge the validity of a decision of a public body made in violation of OMA[.] MCL 15.270(1)." The board's "power to take action, curative or otherwise, is limited to those situations in which a circuit court action has been filed seeking invalidation of action." Accordingly, the new board did not have the authority to "invalidate" the political appointments of Mika and Davison, particularly in light of the fact that there were never any charges or findings of misfeasance, malfeasance, or nonfeasance brought or made with respect to Mika and Davison.

Further, plaintiffs argued that a decision of a public body can only be invalidated if the public body has not complied with the requirements of MCL 15.263(1) – (3). Plaintiffs contended that was not the case here, as the November 1, 2016 meeting was open to the public, held in a place that was available to the public, and the failure to give notice did not impair the rights of the public. Therefore, even if the board had the power to take action, "the action it took failed to meet the statutory or case law requirements."

Defendants filed their brief in opposition to plaintiffs' motion for summary disposition on April 17, 2017, and requested summary disposition in their favor pursuant to MCR 2.116(I)(2). Defendants argued that before the four of five members of the board left office, they "purported to reappoint two members to the [p]lanning [c]ommission" at a meeting that did not comply with the notice requirement of OMA. However, after the new board took office, they corrected the defect by holding a new, properly noticed meeting and appointed two different individuals to the planning commission. Defendants argued that nothing in OMA prevents public bodies from curing their own defects, and plaintiff's "contrary interpretation of . . . OMA would prevent public bodies from correcting their own mistakes and would instead require the public body to be sued, at taxpayers' expense." Although a circuit court's jurisdiction is limited by OMA – it only has jurisdiction over actions filed within 60 days of the minutes being approved – there is nothing in OMA that limits a public body's abilities to reenact, or not reenact, an illegal decision.

Further, defendants argued, the appointment of Mika and Davison were unlawful, as the "lame duck" outgoing board could not make appointments that were legally binding on the new board. The appointment of government officers is a governmental function, and a "municipal board cannot impair the rights of its successors, including the right to appoint planning

_____

concert with . . . Zbytowski and . . . Talaski will legislate, by restriction, wind turbines out of Ellington Township[.]"

commission members." In fact, this Court had held that appointment of public officers is a governmental function and a "municipal council cannot engage a public officer by contract for a term extending beyond that of its own members, so as to impair the right of their successors to remove such officer and to appoint another in his place."

Following a hearing on plaintiffs' motion, the trial court entered an opinion and order granting summary disposition in favor of plaintiffs on May 3, 2017. The trial court determined that it did not have jurisdiction to address "whether the planning commission's appointments should be invalidated for a violation of" OMA because no cause of action was filed in the circuit court within 60 days of the minutes from the November 1, 2016 meeting being made available to the public. However, the trial court went on to determine that because public bodies may only remove planning commission members in the event of misfeasance, malfeasance, or nonfeasance in office, MCL 125.3815(9), the incoming board did not have the authority to remove Mika and Davison and to appoint Zbytowski and Talaski in their place. The trial court opined:

> If there was concern about appointments made during a meeting that violated . . . OMA, the concerned party or parties should have filed a lawsuit within the 60-day statutory limit for invalidation of the decision. See MCL 15.270(1)[.]
>
> * * *
>
> It should be noted that because the newly elected Township Board wishes to invalidate the prior Township Board's action and take a different action, the remedy of reenactment by action by the Township Board which is a contemplated remedy for OMA violations was not feasible. The newly elected Township Board wished to take a different action and intended to invalidate the prior Board's action, this could only have been accomplished by a Circuit Court action as provided by . . . OMA. Because that did not occur and because the Board did not remove plaintiffs Davison and Mika for misfeasance, malfeasance, or nonfeasance, MCL 125.3815(9), the Board had no legal authority to remove Mika and Davison and appoint Zbytowski and Talaski.

The trial court went on to rely on *Trainor v Bd of Auditors*, 89 Mich 162; 50 NW 809 (1891), for its holding that officers, as opposed to employees, cannot be subject to removal from office at "the will or caprice of the appointing power."

Defendants unsuccessfully moved for reconsideration of the trial court's order. On May 22, 2017, the trial court entered a final judgment in this matter, ordering that Mika and Davison were entitled to serve on the planning commission for three years. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision regarding a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (citation omitted), and should be granted where "there is no genuine issue regarding any material fact and

the moving party is entitled to judgment as a matter of law." *West v Gem Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v. Galui Constr., Inc.*, 295 Mich App 684, 693; 818 N.W.2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr., Inc. v. Gen. Shale Brick, Inc.*, 284 Mich App 25, 29; 772 NW2d 801 (2009). However, the party opposing summary disposition under MCR 2.116(C)(10) "may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Oliver v. Smith*, 269 Mich App 560, 564; 715 NW2d 314 (2006) (citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (citation and quotation marks omitted).

If, after careful review of the evidence, it appears to the trial court that there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, then summary disposition is properly granted under MCR 2.116(I)(2). *Holland v Consumers Energy Co*, 308 Mich App 675, 681-682; 886 NW2d 871 (2015), aff'd *City of Coldwater v Consumers Energy Co*, 500 Mich 158; 895 NW2d 154 (2017).

## III. JURISDICTIONAL ISSUES

Defendants first argue that the trial court erroneously held that the 60-day period for filing a civil action under OMA had expired, and therefore, it did not have jurisdiction over any alleged violation of the act. We disagree.

There are three different types of relief available under OMA. *Leemreis v Sherman Twp*, 273 Mich App 691, 704; 731 NW2d 787 (2007). A plaintiff may: (1) seek to compel compliance or enjoin further non-compliance (MCL 15.271; *Leemreis*, 273 Mich App at 699); (2) seek actual and exemplary damages against a public official for intentional violations of OMA (MCL 15.273(1); *Leemreis*, 273 Mich App at 700); or (3) seek to have the decision of a public body invalidated on the grounds that it was not made in conformity with OMA (MCL 15.270; *Leemreis*, 273 Mich App at 699).

This case involves allegations of an OMA violation, i.e. the Ellington Township board held its November 1, 2016 meeting without providing the requisite notice. MCL 15.270(2) provides that

> (2) A decision made by a public body may be invalidated if the public body has not complied with the requirements of [MCL 15.263(1) – (3)] in making the decision or if failure to give notice in accordance with [MCL 15.265] has interfered with substantial compliance with [MCL 15.263(1) – (3)] and the court finds that the noncompliance or failure has impaired the rights of the public under this act.

Therefore, "[a] court has discretion to invalidate a decision made in violation of . . . OMA if it finds that violation impaired the rights of the public under . . . OMA." *Morrison v East Lansing*, 255 Mich App 505, 520; 660 NW2d 395 (2003). A trial court's determination of whether the public's rights were impaired is based on the public's opportunity to participate in the public body's decision-making process. *Id*. at 521.

With respect to the November 1, 2016 meeting, which was changed from November 8, 2016, the board was required to post "within 3 days after the meeting at which the change is made, a public notice stating the new dates, time, and places of its regular meetings" in order to be in compliance with OMA. See MCL 15.265. It is uncontested that the no notice of the November 1, 2016 meeting was provided, and that the meeting was violative of OMA.

OMA also lays out the procedure to be utilized by the attorney general, the county prosecuting attorney, or any other person when seeking invalidation of a decision made by a public body. Specifically, MCL 15.270(3) provides:

> (3) The circuit court shall not have jurisdiction to invalidate a decision of a public body for a violation of this act unless an action is commenced pursuant to this section within the following specified period of time:

> (a) Within 60 days after the approved minutes are made available to the public by the public body except as otherwise provided in subdivision (b).

> (b) If the decision involves the approval of contracts, the receipt or acceptance of bids, the making of assessments, the procedures pertaining to the issuance of bonds or other evidences of indebtedness, or the submission of a borrowing proposal to the electors, within 30 days after the approved minutes are made available to the public pursuant to that decision.

We find no error with the trial court's determination that it did not have jurisdiction over any alleged OMA violation relating to the November 1, 2016 meeting. It appears from our review of the record that the minutes from the November 1, 2016 meeting were neither approved nor made available to the public. While we agree with defendants that because the minutes were never approved and released, and therefore the 60-day statute of limitations had not begun to run, we nevertheless conclude that the trial court did not have jurisdiction because no party had filed an action in the circuit court to invalidate any decision made at the November 1, 2016 meeting. MCL 15.270(3). The trial court did not err by concluding that it did not have the authority to determine whether the appointments of Mika and Davison should have been invalidated because the November 1, 2016 board meeting did not comply with the notice requirements of OMA.

IV. OMA VIOLATIONS

Defendants next argue that the trial court erroneously held that the Township of Ellington Board could not cure any alleged OMA violation on its own without first being sued. We agree.

It is uncontested that OMA provides that public bodies may *ratify* decisions made at meetings that were not inconformity with OMA. Specifically, MCL 15.270(5) states:

In any case where an action has been initiated to invalidate a decision of a public body on the ground that it was not taken in conformity with the requirements of this act, the public body may, without being deemed to make any admission contrary to its interest, reenact the disputed decision in conformity with this act. A decision reenacted in this matter shall be effective from the date of reenactment and shall not be declared invalid by reason of a deficiency in the procedure used for its initial enactment.

Therefore, "a deficiency in the procedure may not render a decision made during a session invalid if the public body duly reenacts and corrects the procedural omission." *Herald Co v Mich Tax Tribunal*, 258 Mich App 78, 90; 669 NW2d 862 (2003).

The failure to provide notice of the November 1, 2016 meeting was a procedural violation. In granting summary disposition in favor of plaintiff, the trial court found that the only way the new board could have invalidated the actions taken by the old board at the November 1, 2016 was if an action had been filed in the circuit court. We disagree.

Although the board was *permitted* by OMA to correct the deficiency in the procedure by ratifying the decisions made during the November 1, 2016 meeting, there is nothing in OMA to suggest that it was *required* to ratify the decisions made during that meeting. MCL 15.270(5). Therefore, if an action taken at a meeting held in violation of OMA is not ratified, it is not valid, and has no force or effect. Further, there is nothing in OMA that suggests a board must be sued before correcting any procedural violations on its own. To conclude otherwise ignores the ratification provision included in OMA by the Legislature, and further would result in a waste of city resources and taxpayer dollars. Accordingly, we conclude that the trial court erred in finding that the only way to invalidate an action taken at a meeting that was held in violation of OMA was by bringing an action in the circuit court.

In sum, we conclude that because the appointments made at the November 1, 2016 board meeting were violative of OMA and never ratified, they had no force or effect. Comparatively, the subsequent appointments of Zbytowski and Talaski to the planning commission were valid, and should remain in effect because they were made at a meeting properly noticed and held in compliance with OMA. On that basis, we reverse, and vacate the order granting summary disposition in favor of plaintiffs and the judgment in favor of plaintiffs. Based on the foregoing, we find it unnecessary to address defendant's arguments relating to the "lame duck" outgoing board.

Reversed.

/s/ Kathleen Jansen
/s/ Michael J. Kelly
/s/ Patrick M. Meter