*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

VINCENT SMITH,

       Plaintiff-Appellee,

and

MICHIGAN PAIN MANAGEMENT, LLC, PHYSIOFLEX, PLLC, CITY XPRESS, LLC and OAKLAND PHYSICAL THERAPY,

       Intervening Plaintiffs,

v

PATONIA MERRITT,

       Defendant,

and

SUBURBAN MOBILITY AUTHORITY FOR REGIONAL TRANSPORTATION,

       Defendant/Third-Party Plaintiff-Appellant,

and

GEICO INDEMNITY COMPANY,

       Third-Party Defendant.

UNPUBLISHED
August 15, 2019

No. 342594
Wayne Circuit Court
LC No. 14-009865-NI

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

-1-

Defendant, Suburban Mobility Authority for Regional Transportation,[1] appeals by right the trial court's February 15, 2018 order reinstating plaintiff's case and dismissing all claims pursuant to a contingent arbitration award. Defendant's appeal challenges the trial court's earlier denial of defendant's motion for summary disposition under MCR 2.116(C)(10). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of injuries sustained by plaintiff when the bus in which he was a passenger (which was owned by defendant) was struck by a vehicle driven by Patonia Merritt (Merritt), causing plaintiff to be thrown forward over the seat in front of him. Plaintiff injured his neck, back, right arm, and right leg in the accident. Plaintiff sought no-fault benefits from defendant, which denied his claim.[2]

On July 31, 2014, plaintiff filed a complaint against defendant and Merritt for no-fault benefits. On June 16, 2015, defendant moved the trial court to add third-party defendant Geico Indemnity Company (Geico) as a necessary party. Defendant argued that plaintiff was domiciled with Smith at the time of the accident, and therefore that Smith's automobile insurer, Geico, was the highest priority insurer. On July 27, 2015, plaintiff filed an amended complaint to add a claim against Geico for breach of contract.

Plaintiff testified at his deposition that he was "kind of homeless" at the time of the accident. He stated that although he had periodically lived with his sister, Julia Smith, for several years, he had been staying with his girlfriend, Barbara Bailey, at the time of the accident and only started living again with Smith after the accident; however, during the same deposition, plaintiff also answered "yes" when he was asked whether he was living with Smith at the time of the accident. Plaintiff's employer had both Smith's and Bailey's addresses on file for plaintiff. Most of plaintiff's mail went to Smith's address, but his paychecks were sent to Bailey's address. Plaintiff's state identification card listed Smith's address. Smith testified that plaintiff would periodically live with her, but that he was not living with her on the date of the accident; yet plaintiff was "always welcome" at Smith's home. Plaintiff stored clothing in Smith's garage and would stay in a spare bedroom when he stayed with Smith.

On April 1, 2016, the trial court held oral argument on motions for summary disposition filed by defendant and Geico. Geico argued that plaintiff's claim was barred by the one-year-back rule of MCL 500.3145(1). The trial court agreed and dismissed plaintiff's claim against Geico. However, the trial court denied defendant's motion for summary disposition, concluding that the evidence established that there was a dispute as to whether plaintiff was domiciled with Smith at the time of the accident, and that plaintiff's domicile was therefore a question of fact for the jury.

---

[1] Defendant Patonia Merritt and third-party defendant Geico Indemnity Company are not parties on appeal; therefore, we refer to defendant Suburban Mobility for Regional Transportation as "defendant."

[2] Defendant is self-insured.

The parties subsequently agreed to arbitrate the remaining issues in the case while defendant appealed the trial court's ruling on defendant's motion for summary disposition. The trial court ultimately granted plaintiff's motion to reinstate the case, ordering that the claims be dismissed "pursuant to the Contingent Arbitration Agreement entered into between the parties and the arbitration awards which may hereinafter be rendered if Defendant SMART's appeals on the insurance priority/domicile issues are denied."

This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo a decision to grant or deny a motion for summary disposition." *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 489; 835 NW2d 363 (2013). "Summary disposition under MCR 2.116(C)(10) is appropriately granted where no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law." *Id*. at 489-490. A motion for summary disposition under MCR 2.116(C)(10) challenges the "factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). "The court must consider all of the admissible evidence in a light most favorable to the nonmoving party." *Lockwood v Twp of Ellington*, 323 Mich App 392, 401; 917 NW2d 413 (2018).

## III. ANALYSIS

Defendant argues that, as a matter of law, plaintiff was domiciled in Smith's household on the date of the accident, that Geico therefore was the highest priority insurer, and that the trial court accordingly erred by denying its motion for summary disposition.[3] We disagree.

"The unambiguous language of MCL 500.3114(1) simply states that a personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household. . . ." *Id*. "[T]he no-fault act does not define the term 'domiciled.' " *Grange*, 494 Mich at 492. "A domicile determination is generally a question of fact; however, where the underlying material facts are not in dispute, the determination of domicile is a question of law for the circuit court." *Id*. at 490. "Michigan courts have defined "domicile" to mean the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. at 493 (citation and quotation marks omitted). "[A] person may have only one domicile, but more than one residence." *Id*. at 494.

To determine domicile, Michigan courts apply a "multi-factor test . . . in which no one factor is determinative." *Grange*, 494 Mich at 497; see also *Workman v Detroit Auto Inter-*

---

[3] It is not disputed that, if defendant was found to have been domiciled with Smith, Geico would be the higher-priority insurer. See MCL 500.3114(1), (4); *Corwin v DaimlerChrysler Ins Co*, 296 Mich 242, 254-256; 819 NW2d 68 (2012).

*Insurance Exch*, 404 Mich 477, 496-497; 274 NW2d 373 (1979), and *Dairyland Ins Co v Auto Owners Ins Co*, 123 Mich App 675, 682; 333 NW2d 322 (1983). In *Workman*, our Supreme Court set forth four factors to be considered when determining a person's domicile:

> (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household" (2) the formality or informality of the relationship between the person and the members of the household (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises, (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household. [Citations omitted.]

This Court has also set forth the following factors to determine a person's domicile:

> (1) the person's mailing address; (2) whether the person maintains possessions at the insured's home; (3) whether the insured's address appears on the person's driver's license and other documents; (4) whether a bedroom is maintained for the person at the insured's home; and (5) whether the person is dependent upon the insured for financial support or assistance. [*Williams v State Farm Mut Auto Ins Co*, 202 Mich App 491, 494-495; 509 NW2d 821 (1993), citing *Dobson v Maki*, 184 Mich App 244, 252; 457 NW2d 132 (1990), and *Dairyland*, 123 Mich App at 682.]

With regard to the first *Workman* factor, the subjective or declared intent of the person to remain at the home he contends to be his domicile or household, plaintiff gave inconsistent answers at his deposition concerning whether he lived with Smith at the time of the accident (or whether, alternatively, he lived with Bailey or was homeless). Plaintiff completed an affidavit and an interrogatory stating that his address, at the time of the accident, was Smith's address. The traffic report also listed Smith's address for plaintiff. Smith testified that the last time plaintiff lived with her before the accident was in 2011. But Smith testified that, while plaintiff had stayed with her on occasion in 2013, he did not live with her during the month before the accident. It is unclear whether plaintiff subjectively intended to remain at Smith's home; there was conflicting evidence presented regarding whether plaintiff was even living with Smith on the date of the accident, much less whether he intended to remain there.

The second and third *Workman* factors, the formality of the relationship between the person and other members of the household, and whether the place where the person lives is in the same house, within the same curtilage or upon the same premises, do not significantly aid the analysis in this case. Plaintiff and Smith were siblings, and therefore had a personal relationship; however, based on the testimony of both plaintiff and Smith, plaintiff's presence in Smith's home had a somewhat informal basis; no leases, written agreements, or other evidence of a formal landlord/tenant relationship were introduced. Smith testified that plaintiff was aware that he could always stay at her home because he was her brother; however, he came and went from the home depending on what his living situation was at the time. Smith testified that when plaintiff lived in her home, he stayed in a spare bedroom.

The fourth *Workman* factor, the existence of another place of lodging by the person alleging residence or domicile in the household, favors a finding that plaintiff was not domiciled in Smith's home. On the date of the accident, plaintiff woke up at Bailey's home, and was heading back to her home when the bus accident occurred. Plaintiff received his paychecks at Bailey's home, and Smith testified that plaintiff had not stayed at her house during the month before the accident. Therefore, there is evidence that plaintiff had another place of lodging other than Smith's home.

The first *Dairyland* factor, a person's mailing address, is neutral because there is evidence that plaintiff used both Smith's and Bailey's addresses to receive mail. Plaintiff testified that he provided both Smith's address and Bailey's address to his employer. Plaintiff's paychecks at the time of his accident were either being given to plaintiff personally or sent to Bailey's address. Plaintiff received a 2013 tax form from his employer that listed Bailey's address. However, plaintiff also testified that most of his mail was sent to Smith's address.

The second *Dairyland* factor, whether the person maintains possessions at the insured's home, favors a finding that plaintiff was domiciled with Smith. Plaintiff testified that he kept clothing and personal items at Smith's home at the time of the accident, and that he kept a stereo in Smith's garage. Smith testified that she stored a few of plaintiff's belongings in her garage, but that she was unaware of what they were because they were kept in boxes.

The third *Dairyland* factor, whether the insured's address is listed on the plaintiff's driver's license and other documents, weighs in favor of finding that plaintiff was domiciled with Smith. Plaintiff had a state identification card at the time of the accident, which listed Smith's address. Moreover, most of plaintiff's mail was sent to Smith's address.

With regard to the fourth *Dairyland* factor, whether a bedroom is maintained for the person at the insured's home, plaintiff testified that he had his own bedroom at Smith's home. Smith testified that she had two bedrooms at her home, and that when plaintiff would stay with her, he stayed in the spare bedroom; however, Smith testified that plaintiff did not keep personal belongings in the bedroom because the room was already furnished and plaintiff would use whatever belongings were already in the bedroom. Therefore, although plaintiff had a place to stay with Smith, it is not clear whether Smith "maintained" the bedroom for plaintiff or merely maintained it as a spare bedroom.

The fifth *Dairyland* factor, whether the person is dependent upon the insured for financial support or assistance, weighs against finding that plaintiff was domiciled with Smith. There is no evidence that plaintiff was dependent on Smith for financial support or assistance.

In sum, viewing the evidence in the light most favorable to the non-movant, *Lockwood*, 323 Mich App at 401, there is a genuine issue of material fact regarding plaintiff's domicile at the time of the accident. Some factors weigh in favor of finding that plaintiff was domiciled with Smith at the time of the accident, while other factors weigh against that finding. Because domicile is generally a question for the jury when there is a factual dispute, *Grange*, 494 Mich at 490, we conclude that the trial court did not err by denying defendant's motion for summary disposition.

Affirmed.

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra