*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARY BOIKE,

        Plaintiff-Appellant,

v

PATRICK GREEN,

        Defendant-Appellee.

FOR PUBLICATION
May 22, 2023
9:00 a.m.

No. 365681
Macomb Circuit Court
LC No. 2023-000304-AW

Before: CAVANAGH, P.J., GLEICHER, C.J., and O'BRIEN, J.

PER CURIAM.

Plaintiff appeals by right the circuit court's order denying plaintiff's motion for summary disposition, granting summary disposition in favor of defendant, and dismissing plaintiff's quo warranto complaint.[1] This case concerns Warren City Charter §§ 4.3(d) and 4.4(d), which state that "[a] person shall not be eligible to hold the position of . . . city council . . . for more than the greater of three (3) complete terms or twelve (12) years . . . ." Because the plain and unambiguous language allows defendant to complete his third term in office, we affirm.

## I. BACKGROUND

Defendant is the current president of the Warren City Council. He has served a total of 12 years as a city council member, including a full term from November 10, 2007 to November 10, 2011, a second full term from November 10, 2011 to November 6, 2015, and a partial term from November 6, 2015 to November 22, 2016, at which point he resigned to serve in the Michigan House of Representatives. Defendant ran for election to the city council again in 2019 and received

---

[1] This Court previously granted plaintiff's motions for immediate consideration and to expedite this appeal and ordered that this case be submitted to this panel for a decision on the briefs without oral argument. *Boike v Green*, unpublished order of the Court of Appeals, entered April 21, 2023 (Docket No. 365681).

the highest number of votes in the at-large[2] city council race in the November 2019 election. He began serving his current term on November 11, 2019.

In a September 28, 2022 letter to Warren city attorney Ethan Vinson, plaintiff expressed interest in filling defendant's seat on the city council should defendant be "termed out" in November 2022 because he, at that time, will have served 12 years on the city council. According to the Warren Charter, "[i]f a vacancy occurs in the membership of council at-large district, the unexpired term of such member shall be filled by the person receiving the highest number of votes of those who did not finish in the top two at the last council election." Warren Charter § 4.14(b). It is undisputed that plaintiff received the third highest number of votes in the November 2019 at-large city council race and that he was entitled to fill defendant's seat under charter § 4.14(b) if defendant "termed out" in November 2022 after serving 12 years on the city council.

In response to plaintiff's letter, Vinson advised the city council that defendant's seat on the council would become vacant on November 14, 2022 because the total of defendant's terms in office would equal 12 years at that time. Vinson further stated that defendant would be appointed to fill the vacant seat under § 4.14(b) of the charter. After receiving Vinson's letter, the city council sought an opinion on the matter from its own attorney and scheduled a special meeting at which it resolved to "take[] no legal action on the eligibility and qualifications of any member" and to "continue to respect the will of the voters as expressed in the November 2019 General Election for the current term of office[.]" The council also resolved to authorize its attorney to take legal action to enjoin the city administration's efforts to declare or fill a vacancy on the city council without adhering to § 4.2 of the charter.[3]

On November 15, 2022, the city council filed LC No. 2022-004302-CZ against City of Warren Mayor James R. Fouts in the Macomb Circuit Court, seeking a declaration that defendant was entitled to his city council seat for a full four-year term beginning in November 2019. On the same day, the circuit court entered a temporary restraining order enjoining Mayor Fouts from interfering with defendant's term of office or terminating his pay, benefits, or privileges of office. Also on the same day, the city clerk, purportedly at Mayor Fouts' direction, swore plaintiff into office as a city councilmember, but the city council denied him a seat on the council when plaintiff appeared at the city council meeting that evening. Thereafter, the circuit court entered an order continuing the temporary restraining order as a preliminary injunction. Ultimately, the parties stipulated to dismiss the action, and the trial court authorized plaintiff to file the instant quo warranto action against defendant.[4]

---

[2] The Warren Charter provides for two at-large city council offices and five by-district city council offices. Warren Charter § 5.1(a).

[3] Section 4.2 of the charter states, in relevant part, that "[t]he council shall be the judge of the election and qualifications of its members, subject to the general election laws of the state and review by the courts, upon appeal."

[4] Under MCL 600.4501, the Attorney General "shall bring an action for quo warranto when the facts clearly warrant the bringing of that action." The provision further states that "[i]f the attorney

After filing his complaint, plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that the plain and unambiguous city charter language prohibits councilmembers from serving more than 12 years. He relied on § 2-62(a) of the charter, which states that "the terms of office of all elected officers shall be four (4) years," and on §§ 4.3(d) and 4.4(d) of the charter, which state that a person is not eligible to hold the office of city councilmember "for more than the greater of three (3) complete terms or twelve (12) years . . . ." Plaintiff argued that the charter language prohibits councilmembers from serving more than 12 years, or the equivalent of three complete terms, and that he was entitled to fill defendant's seat on the city council, which he asserted became vacant after defendant's years of service reached the 12-year limit. Plaintiff also relied on Vinson's letter regarding the charter language and on an August 19, 1998 attorney general ballot approval letter[5] indicating that the proposed amendment to §§ 4.3(d) and 4.4(d), which added the term-limit language, could create midterm vacancies after a councilmember serves 12 years.

Defendant responded to plaintiff's motion and sought summary disposition in his favor under MCR 2.116(I)(2), arguing that Vinson had no authority to determine matters regarding the election and qualifications of city council members because charter § 4.2 granted such authority to the city council. Regarding the ballot approval letter, defendant argued that plaintiff disregarded key language in the letter stating that the city council "may wish to consider" whether the proposed amendment would create midterm vacancies after a councilmember serves 12 years in office. Defendant maintained that the council never acted on the suggestion or proposed a charter amendment that could create midterm vacancies. Further, defendant argued that he was entitled to continue serving on the city council under the plain language of §§ 4.3(d) and 4.4(d), which prohibits councilmembers from serving "more than the greater of three (3) complete terms or twelve (12) years . . . ." He maintained that three complete terms can be greater than 12 years if, as in his case, a councilmember served an incomplete term.

The trial court denied plaintiff's motion and granted summary disposition in defendant's favor under MCR 2.116(I)(2). The court opined that the plain language of §§ 4.3(d) and 4.4(d) allows defendant to complete his third full term in office because it allows councilmembers to serve an incomplete term in addition to three complete terms, for a total of more than 12 years. The court further opined that the voters intended for defendant to serve a full four-year term and

---

general receives information from a private party and refuses to act, that private party may bring the action upon leave of court." See also MCR 3.306(B)(3)(b) ("If, on proper application and offer of security, the Attorney General refuses to bring the action, the person may apply to the appropriate court for leave to bring the action himself or herself." Plaintiff filed the instant action after the Attorney General declined to file a quo warranto action on his behalf.

[5] Under MCL 117.21(2), the purpose of a proposed charter amendment "shall be designated on the ballot in not more than 100 words, exclusive of caption, that shall consist of a true and impartial statement of the purpose of the amendment or question in language that does not create prejudice for or against the amendment or question." The provision further states that "[t]he text of the statement shall be submitted to the attorney general for approval as to compliance with this requirement before being printed."

that the ballot approval letter did not support plaintiff's argument that the language of §§ 4.3(d) and 4.4(d) could create midterm vacancies.

## II. STANDARD OF REVIEW

We review de novo as a question of law issues involving the interpretation of a municipal charter. *Hackel v Macomb Co Comm*, 298 Mich App 311, 316; 826 NW2d 753 (2012). We also review de novo a trial court's decision on a motion for summary disposition. *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016). A motion under MCR 2.116(C)(10) tests the factual support of the plaintiff's complaint. *Id.* In reviewing a motion under subrule (C)(10), this Court considers the pleadings, affidavits, depositions and other evidence in the light most favorable to the nonmoving party. *Id.* Summary disposition is appropriate "if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted). "If, after careful review of the evidence, it appears to the trial court that there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, then summary disposition is properly granted under MCR 2.116(I)(2)." *Lockwood v Twp of Ellington*, 323 Mich App 392, 401; 917 NW2d 413 (2018).

## III. ANALYSIS

"Quo warranto is a common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 240; 829 NW2d 335 (2013) (quotation marks and citations omitted). "An action under MCL 600.4505 is appropriate when the plaintiff seeks to challenge the defendant's right to hold office, but fraud or error is not alleged." *Barrow v Detroit Mayor*, 290 Mich App 530, 541; 802 NW2d 658 (2010). Under MCL 600.4505(1), "[i]f a party plaintiff alleges that he is entitled to the office, the court may decide which of the parties is entitled to hold the office." "A plaintiff can prevail under MCL 600.4505 only by showing his own good title to the office." *Barrow*, 290 Mich App at 541 (quotation marks and citations omitted).

Plaintiff argues that §§ 4.3(d) and 4.4(d) of the Warren Charter unambiguously limit a councilmember's terms in office to 12 years or the equivalent of three complete terms. When reviewing provisions of a home rule city charter, this Court applies the same rules applicable to the interpretation of statutes. *Barrow v Detroit Election Comm*, 301 Mich App 404, 413; 836 NW2d 498 (2013). This Court reads the provisions in context, according every word its plain and ordinary meaning. *Id*. at 413-414. This Court must also avoid an interpretation that renders any part of the language nugatory or surplusage. *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 71; 894 NW2d 535 (2017). When the language is plain and unambiguous, courts apply the provisions as written and judicial construction is not permitted. *Barrow*, 301 Mich App at 414.

The charter provisions at issue state as follows:

Sec. 4.3—Certain persons ineligible for city office.

(d) A person shall not be eligible to hold the office of mayor, city council, city clerk or city treasurer for more than the greater of three (3) complete terms or twelve (12) years in that office.

-4-

Sec. 4.4—Terms of office.

(d) A person shall not be eligible to hold the office of mayor, city council, city clerk or city treasurer for more than the greater of three (3) complete terms or twelve (12) years in that particular office.

Relevant to the instant dispute are the phrases "the greater of" and "complete" in the charter provisions. Plaintiff's argument that the language caps a councilmember's service at 12 years fails to give effect to those phrases, thereby rendering them nugatory. Defendant has served two complete terms and one partial term. He has not yet served three complete terms. He correctly argues that, in situations such as the present case, three complete terms can be greater than 12 years, and the charter language allows a person to hold the office of councilmember for not more than "the greater of" three complete terms or 12 years. Thus, the plain and unambiguous language of the charter allows defendant to complete his third full term in office.

Plaintiff argues that the trial court's interpretation ignores the fact that the charter originally provided for a two-year term for city officers and was later amended to provide for a four-year term. Plaintiff asserts that the language of §§ 4.3(d) and 4.4(d) may have been intended to anticipate the possibility that terms in office could be less than four years. Because the charter language is unambiguous, however, it must be interpreted as written. *Barrow*, 301 Mich App at 414. For the same reason, we reject plaintiff's argument that the trial court's interpretation of the charter language could lead to an absurd result. Plaintiff contends that, interpreting the provisions to provide for anything other than a 12-year cap will allow councilmembers to serve all but one day of a four-year term, resign on the last day of the term, and serve additional terms indefinitely as long as the councilmember continues to be reelected. That scenario is merely hypothetical, however, and is not presently before this Court. Moreover, the charter may be amended to account for that possibility as the city council and voters deem appropriate.

Further, plaintiff argues that the Attorney General's August 1998 ballot approval letter clearly indicates that the language of §§ 4.3(d) and 4.4(d) prohibits a councilmember from continuing to hold office once the councilmember completes 12 years of service. The letter stated as follows:

We have examined the ballot language for the proposed amendment, and approve the same.

The city council may wish to consider whether an effect of this proposed amendment would be to create mid-term vacancies when an officeholder completes twelve years of service in an elected office. For example, a member of the council may have served a partial two-year term of office, then two full four-year terms of office and thus be eligible for election to another four-year term. However, under the literal requirements of the proposed amendment adding §§ 4.3(d) and 4.4(d), the councilmember having completed a full twelve years of service would no longer be eligible to hold that office.

Although the letter indicates that a councilmember would no longer be eligible to hold office after 12 full years of service, it also states that the city council "may wish to consider" whether an effect

of the amendment would be to create midterm vacancies. Thus, the letter does not support plaintiff's claim that defendant must immediately vacate his seat on the city council, and it is silent regarding what is to occur if a councilmember reaches 12 full years of service in the middle of a term. Moreover, the opinion expressed in the letter contravenes the plain language of §§ 4.3(d) and 4.4(d), as previously discussed, and, in any event, an attorney general's opinion is not binding on this Court. *Mich Ed Ass'n Political Action Comm v Secretary of State*, 241 Mich App 432, 441; 616 NW2d 234 (2000). Therefore, the ballot approval letter does not entitle plaintiff to the relief that he seeks.[6]

Finally, plaintiff argues that the trial court erroneously assumed that the voters intended to give defendant a full four-year term. Because defendant is entitled to a full four-year term under the charter provisions, however, plaintiff's argument that the voters may have intended to give defendant only a partial term is unavailing.

## IV. CONCLUSION

The plain and unambiguous language of §§ 4.3(d) and 4.4(d) provides that a person is eligible to hold the office of city council for not more than "the greater of" three complete terms or 12 years. Although a term in office is four years and three complete terms therefore equals 12 years, the phrase "the greater of" contemplates that a councilmember may serve longer than 12 years if he or she has previously served a partial term. Because defendant has not yet served three complete terms, he is eligible to complete his third full term in office. Accordingly, the trial court properly denied plaintiff's motion for summary disposition, granted summary disposition in defendant's favor, and dismissed plaintiff's quo warranto complaint. A public question being involved, no costs may be taxed under MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

---

[6] Notably, when plaintiff contacted the Attorney General under MCL 600.4501 to pursue a quo warranto claim on his behalf, the Attorney General declined, stating "we are not persuaded that the circumstances warrant participation by this office via quo warranto proceedings at this time."