*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PINEBROOK WARREN, LLC, GREENHOUSE
FARMS WARREN, LLC, HAPPY TRAILS
GROUP, INC., AUBREY VENTURES, LLC, BLUE
SPRUCE VENTURES, EMERALD BUSINESS
PARK, PC, LLC, DKB2, LLC, MPM-R WARREN,
LLC, and HRS RETAIL, LLC,

        Plaintiffs-Appellees,

and

ALTERNATIVE RX, LLC, HCM WARREN, LLC,
JAR CAPITAL OF WARREN, LLC, PURE GREEN
WARREN, LLC, PURE WARREN, LLC, KAPP
WALLED LAKE, LLC, and PURE ROOTS, LLC,

        Plaintiffs-Appellees/Cross-Appellants,

v

CITY OF WARREN, CECIL ST. PIERRE,
RONALD PAPANDREA, STEVEN WARNER,
RICHARD SABAUGH, and ETHAN VINSON,

        Defendants/Cross-Defendants-
        Appellees,

and

ROBERT BOCCOMINO and KEITH SADOWKSI,

        Defendants-Appellees,

and

CITY OF WARREN MEDICAL MARIHUANA
REVIEW COMMITTEE,

UNPUBLISHED
December 12, 2024
10:58 AM

No. 355989
Macomb Circuit Court
LC No. 2019-004059-CZ

-1-

Defendant,

and

LIVWELL MICHIGAN, LLC, LE BATTLE
CREEK, INC., WEISBERGER VENTURES II,
LLC, VENDCO MICHIGAN, INC., LEVEL UP
GARDEN, LLC, and 8TH STREET WELLNESS,
PC, LLC,

        Intervening Defendants/Cross-
        Plaintiffs,

and

SOZO HEALTH, INC.,

        Intervening Defendant/Cross-Plaintiff-
        Appellant/Cross-Appellee,

and

989 VENTURES, LLC, doing business as
NORTHERN ROOTS,

        Intervening Defendant/Cross-Plaintiff-
        Cross-Appellee,

and

AE&K, LLC, BDECO I, INC., BDECO II, LLC,
DNVK 4, LLC, MDMS GROUP, LLC, WARREN
CAPITAL HOLDINGS, LLC, WEST FORT
HOLDINGS, LLC, and FRAZHO PROVISIONING,
LLC

        Intervening Defendants.

---

PINEBROOK WARREN, LLC, GREENHOUSE
FARMS WARREN, LLC, HAPPY TRAILS
GROUP, INC., AUBREY VENTURES, LLC, BLUE
SPRUCE VENTURES, EMERALD BUSINESS
PARK, PC, LLC, DKB2, LLC, MPM-R WARREN,
LLC, and HRS RETAIL, LLC,

-2-

Plaintiffs-Appellees,

and

ALTERNATIVE RX, LLC, HCM WARREN, LLC,
JAR CAPITAL OF WARREN, LLC, PURE GREEN
WARREN, LLC, PURE WARREN, LLC, KAPP
WALLED LAKE, LLC, and PURE ROOTS, LLC,

Plaintiffs-Appellees/Cross-Appellants,

v

CITY OF WARREN, CECIL ST. PIERRE,
RONALD PAPANDREA, STEVEN WARNER,
RICHARD SABAUGH, and ETHAN VINSON,

Defendants/Cross-Defendants-
Appellees,

and

ROBERT BOCCOMINO and KEITH SADOWSKI,

Defendants-Appellees,

and

CITY OF WARREN MEDICAL MARIHUANA
REVIEW COMMITTEE,

Defendant,

and

LIVWELL MICHIGAN, LLC,

Intervening Defendant/Cross-Plaintiff-
Appellant/Cross-Appellee,

and

SOZO HEALTH, INC., LE BATTLE CREEK, INC.,
WEISBERGER VENTURES II, LLC, VENDCO

No.   355994
Macomb Circuit Court
LC No.   2019-004059-CZ

-3-

MICHIGAN, INC., LEVEL UP GARDEN, LLC,
and 8TH STREET WELLNESS, PC, LLC,

        Intervening Defendants/Cross-
        Plaintiffs,

and

989 VENTURES, LLC, doing business as
NORTHERN ROOTS,

        Intervening Defendant/Cross-Plaintiff-
        Cross-Appellee,

and

AE&K, LLC, BDECO I, INC., BDECO II, LLC,
DNVK 4, LLC, MDMS GROUP, LLC, WARREN
CAPITAL HOLDINGS, LLC, WEST FORT
HOLDINGS, LLC, and FRAZHO PROVISIONING,
LLC,

        Intervening Defendants.

---

PINEBROOK WARREN, LLC, GREENHOUSE
FARMS WARREN, LLC, HAPPY TRAILS
GROUP, INC., AUBREY VENTURES, LLC, BLUE
SPRUCE VENTURES, EMERALD BUSINESS
PARK, PC, LLC, DKB2, LLC, MPM-R WARREN,
LLC, and HRS RETAIL, LLC,

        Plaintiffs-Appellees,

and

ALTERNATIVE RX, LLC, HCM WARREN, LLC,
JAR CAPITAL OF WARREN, LLC, PURE GREEN
WARREN, LLC, PURE WARREN, LLC, KAPP
WALLED LAKE, LLC, and PURE ROOTS, LLC,

        Plaintiffs-Appellees/Cross-Appellants,

v

No.   355995
Macomb Circuit Court

-4-

CITY OF WARREN, CECIL ST. PIERRE, RONALD PAPANDREA, STEVEN WARNER, RICHARD SABAUGH, and ETHAN VINSON,

LC No. 2019-004059-CZ

Defendants/Cross-Defendants-Appellees,

and

ROBERT BOCCOMINO and KEITH SADOWSKI,

Defendants-Appellees,

and

CITY OF WARREN MEDICAL MARIHUANA REVIEW COMMITTEE,

Defendant,

and

LIVWELL MICHIGAN, LLC, SOZO HEALTH, INC., LE BATTLE CREEK, INC., WEISBERGER VENTURES II, LLC, and VENDCO MICHIGAN, INC.,

Intervening Defendants/Cross-Plaintiffs,

and

LEVEL UP GARDEN, LLC, and 8TH STREET WELLNESS, PC, LLC,

Intervening Defendants/Cross-Plaintiffs-Appellants/Cross-Appellees,

and

989 VENTURES, LLC, doing business as NORTHERN ROOTS,

Intervening Defendant/Cross-Plaintiff-Cross-Appellee,

and

AE&K, LLC, BDECO I, INC., BDECO II, LLC,
DNVK 4, LLC, WARREN CAPITAL HOLDINGS,
LLC, WEST FORT HOLDINGS, LLC, and
FRAZHO PROVISIONING, LLC,

   Intervening Defendants-
   Appellants/Cross-Appellees,

and

MDMS GROUP, LLC,

   Intervening Defendant.

_____

PINEBROOK WARREN, LLC, GREENHOUSE
FARMS WARREN, LLC, HAPPY TRAILS
GROUP, INC., AUBREY VENTURES, LLC, BLUE
SPRUCE VENTURES, EMERALD BUSINESS
PARK, PC, LLC, DKB2, LLC, MPM-R WARREN,
LLC, and HRS RETAIL, LLC,

   Plaintiffs-Appellees,

and

ALTERNATIVE RX, LLC, HCM WARREN, LLC,
JAR CAPITAL OF WARREN, LLC, PURE GREEN
WARREN, LLC, PURE WARREN, LLC, KAPP
WALLED LAKE, LLC, and PURE ROOTS, LLC,

   Plaintiffs-Appellees/Cross-Appellants

v

CITY OF WARREN, CECIL ST. PIERRE,
RONALD PAPANDREA, STEVEN WARNER,
RICHARD SABAUGH, and ETHAN VINSON,

   Defendants/Cross-Defendants-
   Appellees,

and

No. 356005
Macomb Circuit Court
LC No. 2019-004059-CZ

_____

-6-

ROBERT BOCCOMINO and KEITH SADOWSKI,

        Defendants-Appellees,

and

CITY OF WARREN MEDICAL MARIHUANA
REVIEW COMMITTEE,

        Defendant,

and

LIVWELL MICHIGAN, LLC, SOZO HEALTH,
INC., LE BATTLE CREEK, INC., WEISBERGER
VENTURES II, LLC, VENDCO MICHIGAN, INC.,
LEVEL UP GARDEN, LLC, and 8TH STREET
WELLNESS, PC, LLC,

        Intervening Defendants/Cross-
        Plaintiffs,

and

989 VENTURES, LLC, doing business as
NORTHERN ROOTS,

        Intervening Defendant/Cross-Plaintiff-
        Cross-Appellee,

and

AE&K, LLC, BDECO I, INC., BDECO II, LLC,
DNVK 4, LLC, WARREN CAPITAL HOLDINGS,
LLC, WEST FORT HOLDINGS, LLC, and
FRAZHO PROVISIONING, LLC,

        Intervening Defendants,

and

MDMS GROUP, LLC,

        Intervening Defendant-
        Appellant/Cross-Appellee.

---

PINEBROOK WARREN, LLC, GREENHOUSE
FARMS WARREN, LLC, HAPPY TRAILS
GROUP, INC., AUBREY VENTURES, LLC, BLUE
SPRUCE VENTURES, EMERALD BUSINESS
PARK, PC, LLC, DKB2, LLC, MPM-R WARREN,
LLC, and HRS RETAIL, LLC,

       Plaintiffs-Appellees,

and

ALTERNATIVE RX, LLC, HCM WARREN, LLC,
JAR CAPITAL OF WARREN, LLC, PURE GREEN
WARREN, LLC, PURE WARREN, LLC, KAPP
WALLED LAKE, LLC, and PURE ROOTS, LLC,

       Plaintiffs-Appellees/Cross-Appellants,

v

CITY OF WARREN, CECIL ST. PIERRE,
RONALD PAPANDREA, STEVEN WARNER,
RICHARD SABAUGH, and ETHAN VINSON,

       Defendants/Cross-Defendants-
       Appellees,

and

ROBERT BOCCOMINO and KEITH SADOWSKI,

       Defendants-Appellees,

and

CITY OF WARREN MEDICAL MARIHUANA
REVIEW COMMITTEE,

       Defendant,

and

LIVWELL MICHIGAN, LLC, SOZO HEALTH,
INC., LE BATTLE CREEK, INC., WEISBERGER
VENTURES II, LLC, VENDCO MICHIGAN, INC.,

No.   356011
Macomb Circuit Court
LC No.   2019-004059-CZ

-8-

LEVEL UP GARDEN, LLC, and 8TH STREET
WELLNESS, PC, LLC,

Intervening Defendants/Cross-
Plaintiffs

and

989 VENTURES, LLC, doing business as
NORTHERN ROOTS,

Intervening Defendant/Cross-Plaintiff-
Appellant/Cross-Appellee,

and

AE&K, LLC, BDECO I, INC., BDECO II, INC.,
DNVK 4, LLC, MDMS GROUP, LLC, WARREN
CAPITAL HOLDINGS, LLC, WEST FORT
HOLDINGS, LLC, and FRAZHO PROVISIONING,
LLC,

Intervening Defendants.

PINEBROOK WARREN, LLC, and HRS RETAIL,
LLC,

Plaintiffs-Appellees,

and

GREENHOUSE FARMS WARREN, LLC, HAPPY
TRAILS GROUP, INC., AUBREY VENTURES,
LLC, BLUE SPRUCE VENTURES,
ALTERNATIVE RX, LLC, HCM WARREN, LLC,
JAR CAPITAL OF WARREN, LLC, PURE GREEN
WARREN, LLC, PURE WARREN, LLC,
EMERALD BUSINESS PARK, PC, LLC, DKB2,
LLC, MPM-R WARREN, LLC, KAPP WALLED
LAKE, LLC, and PURE ROOTS, LLC,

Plaintiffs-Appellees/Cross-Appellants,

v

No.   356017
Macomb Circuit Court

-9-

CITY OF WARREN, CECIL ST. PIERRE,                    LC No.   2019-004059-CZ
RONALD PAPANDREA, STEVEN WARNER,
RICHARD SABAUGH, ETHAN VINSON,

> Defendants/Cross-Defendants-
> Appellants/Cross-Appellees,

and

ROBERT BOCCOMINO, KEITH SADOWSKI, and
CITY OF WARREN MEDICAL MARIHUANA
REVIEW COMMITTEE,

> Defendants-Appellants/Cross-
> Appellees,

and

LIVWELL MICHIGAN, LLC, SOZO HEALTH,
INC., LE BATTLE CREEK, INC., WEISBERGER
VENTURES II, LLC, VENDCO MICHIGAN, INC.,
LEVEL UP GARDEN, LLC, 8TH STREET
WELLNESS, PC, LLC,

> Intervening Defendants/Cross-
> Plaintiffs,

and

989 VENTURES, LLC, doing business as
NORTHERN ROOTS,

> Intervening Defendant/Cross-Plaintiff-
> Cross-Appellee,

and

AE&K, LLC, BDECO I, INC., BDECO II, LLC,
DNVK 4, LLC, MDMS GROUP, LLC, WARREN
CAPITAL HOLDINGS, LLC, WEST FORT
HOLDINGS, LLC, and FRAZHO PROVISIONING,
LLC,

> Intervening Defendants,

and

JOHN LAYTON.
_____

-10-

PINEBROOK WARREN, LLC, ALTERNATIVE RX, LLC, HCM WARREN, LLC, JAR CAPITAL OF WARREN, LLC, PURE GREEN WARREN, LLC, PURE WARREN, LLC, KAPP WALLED LAKE, LLC, and PURE ROOTS, LLC,

   Plaintiffs-Appellees/Cross-Appellants,

and

GREENHOUSE FARMS WARREN, LLC, HAPPY TRAILS GROUP, INC., AUBREY VENTURES, LLC, BLUE SPRUCE VENTURES, EMERALD BUSINESS PARK, PC, LLC, DKB2, LLC, MPM-R WARREN, LLC, and HRS RETAIL, LLC,

   Plaintiffs-Appellees,

v

CITY OF WARREN, CECIL ST. PIERRE, RONALD PAPANDREA, STEVEN WARNER, RICHARD SABAUGH, and ETHAN VINSON,

   Defendants/Cross Defendants-
   Appellees,

and

ROBERT BOCCOMINO and KEITH SADOWSKI,

   Defendants-Appellees,

and

CITY OF WARREN MEDICAL MARIHUANA REVIEW COMMITTEE,

   Defendant,

and

No. 356023
Macomb Circuit Court
LC No. 2019-004059-CZ

-11-

LIVWELL MICHIGAN, LLC, SOZO HEALTH, INC., LEVEL UP GARDEN, LLC, and 8TH STREET WELLNESS, PC, LLC,

               Intervening Defendants/Cross-
               Plaintiffs,

and

LE BATTLE CREEK, INC., WEISBERGER VENTURES II, LLC, and VENDCO MICHIGAN, INC.,

               Intervening Defendants/Cross-
               Plaintiffs-Appellants/Cross-Appellees,

and

989 VENTURES, LLC, doing business as NORTHERN ROOTS,

               Intervening Defendant/Cross-Plaintiff-
               Cross-Appellee,

and

AE&K, LLC, BDECO I, INC., BDECO II, LLC, DNVK 4, LLC, MDMS GROUP, LLC, WARREN CAPITAL HOLDINGS, LLC, WEST FORT HOLDINGS, LLC, and FRAZHO PROVISIONING, LLC,

               Intervening Defendants.

---

PINEBROOK WARREN, LLC, GREENHOUSE FARMS WARREN, LLC, HAPPY TRAILS GROUP, INC., AUBREY VENTURES, LLC, BLUE SPRUCE VENTURES, ALTERNATIVE RX, LLC, HCM WARREN, LLC, JAR CAPITAL OF WARREN, LLC, PURE GREEN WARREN, LLC, PURE WARREN, LLC, EMERALD BUSINESS PARK, PC, LLC, DKB2, LLC, MPM-R WARREN, LLC, KAPP WALLED LAKE, LLC, PURE ROOTS, LLC, and HRS RETAIL, LLC,

-12-

Plaintiffs-Appellees,

v

CITY OF WARREN, CECIL ST. PIERRE,
RONALD PAPANDREA, STEVEN WARNER,
RICHARD SABAUGH, ETHAN VINSON,
ROBERT BOCCOMINO, and KEITH SADOWSKI,

Defendants-Appellees,

and

CITY OF WARREN MEDICAL MARIHUANA
REVIEW COMMITTEE,

Defendant,

and

LIVWELL MICHIGAN, LLC, SOZO HEALTH,
INC., LE BATTLE CREEK, INC., WEISBERGER
VENTURES II, LLC, VENDCO MICHIGAN, INC.,
LEVEL UP GARDEN, LLC, 8TH STREET
WELLNESS, PC, LLC, 989 VENTURES, LLC,
doing business as NORTHERN ROOTS, AE&K,
LLC, BDECO I, INC., DNVK 4, LLC, MDMS
GROUP, LLC, WARREN CAPITAL HOLDINGS,
LLC, WEST FORT HOLDINGS, LLC, and
FRAZHO PROVISIONING, LLC,

Intervening Defendants-Appellants,

and

BDECO II, LLC,

Intervening Defendant.

No. 359269
Macomb Circuit Court
LC No. 2019-004059-CZ

PINEBROOK WARREN, LLC, GREENHOUSE
FARMS WARREN, LLC, HAPPY TRAILS
GROUP, INC., AUBREY VENTURES, LLC, BLUE
SPRUCE VENTURES, ALTERNATIVE RX, LLC,
HCM WARREN, LLC, JAR CAPITAL OF
WARREN, LLC, PURE GREEN WARREN, LLC,

-13-

PURE WARREN, LLC, EMERALD BUSINESS
PARK, PC, LLC, DKB2, LLC, MPM-R WARREN,
LLC, KAPP WALLED LAKE, LLC, PURE
ROOTS, LLC, and HRS RETAIL, LLC,

       Plaintiffs-Appellees,

v

CITY OF WARREN, CECIL ST. PIERRE,
RONALD PAPANDREA, STEVEN WARNER,
RICHARD SABAUGH, ETHAN VINSON,
ROBERT BOCCOMINO, KEITH SADOWSKI, and
CITY OF WARREN MEDICAL MARIHUANA
REVIEW COMMITTEE,

       Defendants-Appellants,

and

LIVWELL MICHIGAN, LLC, SOZO HEALTH,
INC., LE BATTLE CREEK, INC., WEISBERGER
VENTURES II, LLC, VENDCO MICHIGAN, INC.,
LEVEL UP GARDEN, LLC, 8TH STREET
WELLNESS, PC, LLC, 989 VENTURES, LLC,
doing business as NORTHERN ROOTS, AE&K,
LLC, BDECO I, INC., BDECO II, LLC, DNVK 4,
LLC, MDMS GROUP, LLC, WARREN CAPITAL
HOLDINGS, LLC, WEST FORT HOLDINGS,
LLC, and FRAZHO PROVISIONING, LLC,

       Intervening Defendants.

No.   359285
Macomb Circuit Court
LC No.   2019-004059-CZ

ON REMAND

Before:  REDFORD, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

       This consolidated case is before this Court on remand from our Supreme Court.  This Court previously reversed the trial court's order granting summary disposition in favor of plaintiffs on

-14-

the basis that the City of Warren's Medical Marihuana[1] Review Committee (the Review Committee) was not a public body subject to the Open Meetings Act (OMA), MCL 15.261 *et seq*. *Pinebrook Warren, LLC v City of Warren*, 343 Mich App 127, 134; 996 NW2d 754 (2022) (*Pinebrook I*), rev'd ___ Mich ___, ___; ___ NW3d ____ (2024) (Docket Nos. 164869, 164870, 164871, 164872, 164873, 164874, 164875, 164876, 164877) (*Pinebrook II*). The Supreme Court, concluding that the Review Committee was a public body subject to the OMA, reversed *Pinebrook I* and remanded to this Court "to address whether the open meetings held by the Review Committee cured the prior violations of the OMA and other preserved issues raised by the parties." *Pinebrook II*, ___ Mich at ___; slip op at 2.

For the reasons explained in this opinion and in light of the Supreme Court's conclusion that the Review Committee was a public body subject to the OMA, we conclude:

    1. Defendants and intervening defendants have not identified any errors warranting relief in the trial court's resolution of the OMA claims.

    2. The trial court did not err when it determined that plaintiffs were not entitled to actual attorney fees under the OMA.

    3. Plaintiffs have not identified any errors warranting relief in the trial court's resolution of their claims involving due process.

    4. The trial court abused its discretion when it determined that the City violated the April 2020 Opinion and Order by reissuing the licenses to intervening defendants and scheduling a show-cause hearing.

Accordingly, in Docket Nos. 355989, 355994, 355995, 356005, 356011, 356017, and 356023, we affirm the opinion and order, entered April 14, 2020 (April 2020 Opinion and Order), vacating the issuing of the medical marijuana licenses, and the order denying reconsideration, entered on December 22, 2020. In Docket Nos. 359269 and 359285, we vacate the trial court's order, entered October 26, 2021, granting the motion to enforce the April 2020 Opinion and Order.

I. FACTUAL AND PROCEDURAL BACKGROUND

In *Pinebrook I*, the majority described the regulatory ordinance relevant to this appeal:

    In January 2019, the Warren City Council adopted a " 'medical marihuana regulatory ordinance' " (the Marijuana Ordinance or the ordinance), Warren Code Ordinance No. 80-772, § 19.5-1 *et seq.*[2] The Marijuana Ordinance sought to implement the local provisions governing the sale of marijuana consistent with then-governing state law. Warren Code, § 19.5-3. The Marijuana Ordinance allowed, in relevant part, for the licensing of provisioning centers, which were

---

[1] By convention, this Court uses the more common spelling "marijuana" unless quoting or specifically referring to statutory text. See *People v Carruthers*, 301 Mich App 590, 593 n 1; 837 NW2d 16 (2013).

defined to be licensees who were authorized to purchase marijuana from a grower or processor and sell it to registered qualifying patients. Warren Code, § 19.5-6.

In the Marijuana Ordinance, the City created the Review Committee to review applications for provisioning-center licenses. Warren Code, § 19.5-13(4). The Review Committee was made up of the "City Attorney, or his designee, the Director of the Public Service Department, or his designee, and the members of the Medical Marihuana Committee or alternates of the City Council, as appointed by City Council . . . ." *Id.* The Review Committee was required to consider applications for licenses and score 17 factors with a score from 0 to 10. Warren Code, § 19.5-13(4)(b). . . . The ordinance originally allowed for the issuance of up to 10 licenses, and this number was eventually increased to up to 15 licenses. See Warren Code, § 19.5-7(3); see also Warren City Code, Ordinance No. 80-778. If there were more applicants than available licenses, the City Council had to rank the applicants; in setting the rank, the City Council had to consider the factors stated under Warren Code, § 19.5-13(4)(b), in addition to factors related to the plan for the provisioning center. Warren Code, § 19.5-14(2). An applicant also had the right to appeal the decision to deny a license in the circuit court. Warren Code, § 19.5-17(2). [*Pinebrook I*, 343 Mich App at 135-136.]

---

[2] The City has significantly amended the Marijuana Ordinance since the inception of this litigation. Therefore, unless otherwise noted, all citations of the Marijuana Ordinance are to the 2019 version of Warren City Code, Ordinance No. 80-772 then in force. That ordinance may be viewed online through the municipal code website. Municode, *Code of Ordinances of the City of Warren*, Michigan <https://library.municode.com/mi/warren/ordinances/code_of_ordinances?nodeId=960256> (accessed June 23, 2022).

Following enactment of the Marijuana Ordinance, 65 applications for licenses were submitted to the City of Warren (the City). From March to July 2019, the Review Committee held 16 closed meetings to consider the applications. As a result of these closed meetings, several applicants sued the City before it issued any licenses, alleging that the City violated the OMA. The trial court entered an order requiring the Review Committee to conduct open meetings. Consequently, the last meetings of the Review Committee held in September and October 2019 were open to the public. The City Council adopted the recommendations of the Review Committee.

Plaintiffs, Pinebrook Warren, LLC; Greenhouse Farms Warren, LLC; Happy Trails Group, Inc.; Aubrey Ventures, LLC; Blue Spruce Ventures; Emerald Business Park, PC, LLC; DKB2, LLC; MPM-R Warren, LLC; HRS Retail, LLC; Alternative Rx, LLC; HCM Warren, LLC; JAR Capital of Warren, LLC; Pure Green Warren, LLC; Pure Warren, LLC; Kapp Walled Lake, LLC; and Pure Roots, LLC, which were all entities that had applied for and been denied a license to sell medical marijuana, sued defendants.[2] Plaintiff Happy Trails with all plaintiffs concurring, moved

---

[2] For the sake of judicial economy, the trial court consolidated the various actions brought by plaintiffs and proceeded under the lower court number assigned to plaintiff Pinebrook.

-16-

for summary disposition under MCR 2.116(C)(10), asserting that the Review Committee was a public body and violated the OMA in several respects. The City and the members of the Review Committee moved for summary disposition of plaintiffs' claims involving violations of substantive and procedural due process.

In April 2020, the trial court entered an opinion and order granting summary disposition in favor of plaintiffs on the basis that the Review Committee was a public body subject to the requirements of the OMA and that the Review Committee violated the OMA during the process for ranking applications for licenses to sell medical marijuana. The order invalidated the licenses that had been issued. The trial court also dismissed the due-process claims that plaintiffs had asserted against the City and denied Happy Trails's request for attorney fees.

The trial court later stayed the April 2020 Opinion and Order to address the fact that the entities whose licenses were invalidated by the opinion, Livwell Michigan, LLC; LE Battle Creek, Inc.; Weisberger Ventures II, LLC; VendCo Michigan, Inc.; Level Up Garden, LLC; 8th Street Wellness, PC, LLC; Sozo Health, Inc.; 989 Ventures, LLC, which did business as Northern Roots; AE&K, LLC; BDECo I, Inc.; BDECo II, LLC; DNVK 4, LLC; MDMS Group, LLC; Warren Capital Holdings, LLC; West Fort Holdings, LLC; and Frazho Provisioning, LLC, moved to intervene. The trial court permitted the intervenors to join the action and file motions for reconsideration. Among various claims, intervening defendants asserted that the trial court deprived their licenses without due process of law because they were not joined in the case earlier. The City moved for reconsideration as well, asserting various claims of error. Ultimately, the trial court denied the motions for reconsideration and lifted the stay on the April 2020 Opinion and Order.

In September 2021, plaintiffs moved to enforce the judgment and hold intervening defendants in contempt of court, alleging that the City and intervening defendant violated the trial court's order by entering into a settlement agreement that reissued licenses to intervening defendants. The trial court granted the motion to enforce, determining that the award of licenses to the intervening defendants violated the judgment and were invalid. Defendants and intervening defendants appealed and plaintiffs cross-appealed to this Court.

On appeal, this Court concluded that the Review Committee was not a public body subject to the OMA and that plaintiffs' due-process claims lacked merit. *Pinebrook I*, 343 Mich App at 134-135. Because we reversed and vacated the trial court's April 2020 Opinion and Order and the order denying reconsideration of that order, we declined to address the remaining claims of error asserted by the parties. Now that our Supreme Court has reversed this Court's majority opinion, we address the remaining claims of error raised by the parties. This appeal followed.

## II. APPEALS INVOLVING THE OMA CLAIMS

The parties have raised various claims of error involving the trial court's decision to grant summary disposition in favor of plaintiffs on the OMA claims. We address each in turn.[3]

### A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). We also review de novo whether the trial court properly interpreted and applied the relevant statutes and ordinances. *Soupal v Shady View, Inc*, 469 Mich 458, 462; 672 NW2d 171 (2003). We review for an abuse of discretion a trial court's decision to invalidate a decision under the OMA and its decision to grant equitable relief under the OMA. *Citizens For A Better Algonac Community Sch v Algonac Community Sch*, 317 Mich App 171, 177; 894 NW2d 645 (2016). We also review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). A trial court abuses its discretion when it selects an outcome that falls outside the range of principled outcomes, or when it premises its decision on a misunderstanding of controlling legal principles. *Davis v Detroit Fin Review Team*, 296 Mich App 568, 612-613; 821 NW2d 896 (2012).

### B. ANALYSIS

### 1. VIOLATIONS AND REENACTMENT

First, the City and other appellants argue that the trial court lacked the authority to invalidate the Review Committee's decision because the Review Committee reenacted any decisions made in violation of the OMA from March to July 2019 at the open meetings held on September 20, 2019 and October 7, 2019. We disagree. The Review Committee conducting two meetings open to the public, which lasted a combined total of fifty-nine (59) minutes, after conducting 13 substantive closed meetings does not, on the record before us, cure the OMA violations.

The Legislature authorized any person to challenge the validity of a decision made by a public body in violation of the OMA. See MCL 15.270(1). The Legislature gave a trial court the discretion to invalidate decisions that were made in violation of the requirements stated under MCL 15.263(1), (2), or (3), if the trial court found that the noncompliance or failure impaired the rights of the public under the act. MCL 15.270(2). However, the Legislature also provided that a public body may "reenact the disputed decision in conformity with this act." MCL 15.270(5). If the public body reenacts the decision, the trial court may not declare the decision invalid "by reason of a deficiency in the procedure used for its initial enactment." MCL 15.270(5).

The City and other defendants maintain that no evidence indicated that the Review Committee made any decisions at the closed meetings. A decision within the meaning of the OMA

---

[3] For the sake of brevity, we will not summarize the arguments by each party to these appeals except where necessary for clarity.

is a "determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy." MCL 15.262(d). In relevant part, the Marijuana Ordinance instructed that the Review Committee would score the applicants:

> When reviewing plans and applications the review committee shall consider each applicant's submission and rate the plans and applications on a zero (0) to ten (10) score (zero (0) does not comply and ten (10) meaning exceeds compliance requirements) considering [multiple factors][.] [Warren Code, § 19.5-13(4)(b).]

The Review Committee was obligated to score 17 different factors for each of the 65 applications. The Review Committee's process included reviewing the 65 applications, interviewing applicants, scoring the applications, and ranking the applications. Each interview was conducted in a meeting closed to the public. The evidence that the Review Committee had final scores for each applicant from each member of the Review Committee by the time of its first open meeting in September was evidence that the Review Committee had made numerous decisions before that meeting.

The Review Committee could have "reenact[ed] the disputed decision[s]" in accord with OMA and insulated those decisions from invalidation because of the earlier deficiencies. MCL 15.270(5); see also *Leemreis v Sherman Twp*, 273 Mich App 691, 703; 731 NW2d 787 (2007) (stating that once a public body properly reenacts a decision there is no longer any basis for determining whether to invalidate the decision). However, the undisputed evidence showed that, when the Review Committee held its open meetings in September and October 2019, it did not reenact any of the individual decisions that had been made previously that the Supreme Court has since concluded were in violation of the OMA. Instead, the Review Committee affirmed the results of the decisions that it had made in previous closed meetings and then forwarded those results to the City Council along with its recommendations. An affirmance of the result is not a reenactment of the decision. To reenact the scoring decisions, for example, the Review Committee (as a body) would have had to have scored each factor for each applicant at a meeting open to the public. Accordingly, the trial court did not err when it determined that the Review Committee had not reenacted the relevant decisions and granted Happy Trails's motion for summary disposition on its claim requesting the invalidation of the Review Committee's decisions. See *Barnard Mfg*, 285 Mich App at 369-370.

The City and other appellants also maintain that Happy Trails failed to allege that the public's rights had been impaired by the Review Committee's failure to make the decisions at a public meeting. This Court has held that a plaintiff must allege specific facts indicating how the public's rights were impaired by a violation of the OMA in order to state a claim for invalidating a decision under MCL 15.270. See *Wilkins v Gagliardi*, 219 Mich App 260, 275; 556 NW2d 171 (1996). Happy Trails adequately alleged that the public rights had been impaired by the Review Committee's OMA violations in its complaint, even if it did not use those exact words in stating its claim. It alleged, for example, that the closed meetings isolated the public and the other applicants from the potential for backroom dealings and the consideration of improper factors, were taken to obfuscate the deliberations and rationale for recommending one applicant over another, and prevented concerned citizens from expressing opposition to the location of specific

provisioning centers. These allegations were sufficient under Michigan's notice pleading rules. See MCR 2.111(B)(1); *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010) (recognizing that Michigan is a notice pleading state).

The City and other appellants also argue that the trial court erred by making impermissible findings and considering evidence not submitted to the court. In making its decision on the motion for summary disposition, the trial court discussed the ramifications of the fact that the scoring decisions were not made at public meetings and discussed how those scoring decisions might have been different if made at a meeting that was open to the public. It noted, by way of example, that it would have been highly appropriate to have allowed members of the public from the affected neighborhoods to comment on the applications. The court also discussed at length how the factors, although framed as objective criteria, were in fact highly subjective and could give rise to widely varying results that could only be explained as arising from the committee member's feelings about a particular applicant and how open meetings would have shed light on that process. The trial court's discussions were not inappropriate and did not amount to improper findings in support of a motion for summary disposition. See *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994) (stating that a trial court may not determine facts on a motion for summary disposition).[4]

Once Happy Trails established that the undisputed evidence showed that the Review Committee made numerous decisions—such as the scoring of the factors for each applicant in a setting which was not an open meeting contrary to the requirements of MCL 15.263(1), (2), and (3)—the trial court had the discretion to invalidate those decisions under MCL 15.270(2)[5] if the trial court then found that the failure to follow the requirements of the OMA "impaired the rights of the public" under the OMA. The Legislature did not require the trial court to hold a separate evidentiary hearing before making its finding that the violation of the OMA impaired the public's rights, and the trial court had the authority to make its findings on the record before it if the record did not establish the need for additional evidence before the court could craft an appropriate remedy. See, e.g., *Franks v Franks*, 330 Mich App 69, 91-92, 107-109; 944 NW2d 388 (2019) (recognizing that a trial court may grant equitable relief on a motion for summary disposition). The trial court's discussion of the circumstances surrounding the Review Committee's failure to

---

[4] Happy Trails moved for summary disposition under Counts III and IV of its complaint. It asked the trial court to invalidate the Review Committee's decisions under MCL 15.270. It did not move for summary disposition of a claim under MCL 15.272 or MCL 15.273. As such, the City's claim that Happy Trails failed to present evidence that anyone intentionally violated the OMA is inapposite.

[5] A decision is defined to be any "determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure" for which a vote is required or by which a public body effectuates or formulates public policy. MCL 15.262(d). Under the Marijuana Ordinance, the Review Committee had an obligation to approve or disapprove the applications, to score the factors applicable to evaluating each applicant, and had to make recommendations to the City Council. Each of these required actions meets the definition of a decision, which could be invalidated under MCL 15.270.

hold the required hearings showed that its comments were offered, at least in part, as an explanation of its reasons for concluding that the undisputed evidence showed an impairment of the public's rights and warranted granting the requested relief. The trial court did not need to be more specific in order to grant the requested relief. See MCR 2.517(A)(2). Accordingly, defendants and intervenors have not shown that the trial court made improper findings, or improperly considered evidence that was not before it when deciding the motion for summary disposition.

The City and other appellants also assert that the Review Committee might have had a valid reason to go into a closed session for those meetings that it held, which were not open to the public. Specifically, they note that the Review Committee could have gone into a closed session to consider "material exempt from discussion or disclosure by state or federal statute." MCL 15.268(1)(h). Even accepting that the Review Committee had the authority to enter into closed sessions for each of those 16 meetings, that exemption did not permit them to make the decisions already discussed at a closed session. Rather, those decisions had to have been made at a meeting open to the public, which the undisputed evidence established the Review Committee did not do. See MCL 15.263(2).[6]

The City and others also maintain that the trial court erred when it invalidated the scores and rankings for the individual applicants because those scores were not made at the closed meetings and were not subject to invalidation under the OMA. Given the Supreme Court's conclusion that the Review Committee was a public body, under the requirements of the Marijuana Ordinance, the Review Committee must have made numerous decisions concerning the methodology for reviewing the applications and the scoring of the required factors. The Review Committee was obligated to make those decisions at a meeting that was open to the public under MCL 15.263(2). Even if those decisions were not made at the meetings that were closed, those decisions were still made in violation of the OMA because they were not made at a meeting that was open to the public.[7] Accordingly, the trial court had the authority to invalidate those decisions as decisions that were not made in compliance with the OMA. See MCL 15.270(2).

Once the trial court invalidated those decisions, the various applications were necessarily returned to an earlier stage in the process—a stage before any applicant had been approved or had

_____

[6] For that reason, we will not further discuss that exemption. Similarly, the trial court did not have to discuss the exemptions in its opinion and order more than it did because, as the trial court correctly noted, the exemption clearly did not apply to the decisions at issue. See MCR 2.517(A)(2).

[7] The City claims that Happy Trails did not challenge the scores, so the trial court had no authority to invalidate them. That assertion is not supported by the record. Happy Trails argued in its motion for summary disposition that the Review Committee must have made the scoring decisions at the meetings that were closed to the public. It then asked the trial court to invalidate the decisions from those closed meetings under MCL 15.270(2). Similarly, in its reply brief, Happy Trails argued that—even if the scoring decisions were made privately—that too violated the OMA and the scores should be invalidated. Therefore, whether the scoring decisions were required to be made at a public meeting under MCL 15.263(2), and whether they should be invalidated under MCL 15.270(2) was properly before the trial court.

its factors scored. The trial court could then declare the Review Committee's attempt to adopt the scores and send them to the City Council to be void because, after invalidating the Review Committee's earlier decisions, the Review Committee had not satisfied the requirements of the Marijuana Ordinance when it forwarded the scores and recommendations to the City Council. See Marijuana Ordinance, § 19.5-13(4)(a) (stating that the applications must be submitted to the Review Committee for approval), and § 19.5-14(1) (requiring the Review Committee to forward the applications and scores for the applicants that it approved to the City Council). See MCR 2.601(A) (stating that the trial court may grant the relief to which the party is entitled, even if the party has not demanded the relief); MCR 2.605(A)(1) (stating that the trial court has the power to provide declaratory relief even when other relief has been or could have been sought); but see *Citizens For A Better Algonac Community Sch*, 317 Mich App at 184 (explaining that the three causes of action provided under the OMA do not specifically include an action for declaratory relief); compare *Straus v Governor*, 459 Mich 526, 532; 821 NW2d 896 (2012) (stating that trial courts should avoid providing injunctive relief against a legislative body if declaratory relief would suffice to induce compliance with the law).

For similar reasons, the trial court could declare that the City Council's attempt to adopt the Review Committee's recommendations was invalid. The City Council did not have the authority under the Marijuana Ordinance to approve any applications because the Review Committee had not properly approved and scored the applications in an open meeting and then forwarded them to the City Council for its review. Moreover, the relief that the trial court granted was the relief that Happy Trails asked for in its complaint and requested in its motion for summary disposition. The trial court, therefore, did not err when it determined that Happy Trails established its entitlement to the relief that it requested arising from the Review Committee's failure to comply with OMA, and granted Happy Trails's motion on that basis.

## 2. INTERVENING DEFENDANTS' DUE-PROCESS CLAIMS

Some intervening defendants argue that the trial court deprived them of procedural due process when it invalidated the awarded licenses without providing intervening defendants adequate opportunity to defend their interests. In *Pinebrook I*, 343 Mich App at 153-155, we concluded that the trial court did not deprive intervening defendants of procedural due process. The Supreme Court reversed our decision and remanded for consideration of the "other preserved issues" on appeal. *Pinebrook II*, ___ Mich at ___; slip op at 13. By reversing the full opinion, the Supreme Court effectively reversed this Court's analysis of the due-process claims of error. However, the Supreme Court did not address the intervening defendants' due-process claims of error and this Court's due-process analysis in *Pinebrook I* was not contingent on the Court's previous OMA conclusions. Accordingly, we incorporate and adopt our previous holding that the trial court afforded intervening defendants the requisite due process:

> Both the United States Constitution and the Michigan Constitution prohibit the government from depriving persons of life, liberty, or property without due process of law. See US Const, Am XIV; Const 1963, art 1, § 17. The protections afforded by these clauses include both a substantive provision, which protects persons from arbitrary acts by the government, and a procedural component, which guarantees constitutionally sufficient procedures for the protection of life, liberty, and property. See *Bonner v Brighton*, 495 Mich 209, 223-224, 848 NW2d 380

(2014), see also *Cary Investments, LLC v Mount Pleasant*, 342 Mich App 304, 314-315, 994 NW2d 802 (2022).

Procedural due process requires—at a minimum—that a person whose interests might be affected by government action be given notice and a meaningful opportunity to be heard before the government acts. *Bonner*, 495 Mich at 235, 848 NW2d 380. Additional requirements may be necessary depending on three considerations: the private interest that will be affected, the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards. *Id*.

It is true that the trial court ultimately heard Happy Trails's motion for summary disposition and issued its April 2020 Opinion and Order before any intervenors had been permitted to intervene. However, the City moved to add the entities who received licenses as necessary parties under MCR 2.205(A), before the court considered Happy Trails's motion for summary disposition, and the court expressed its concern that the license holders be given an opportunity to participate in the litigation. The trial court proceeded to decide the motion and issue its April 2020 Opinion and Order, but it also stayed the application of that order on the same day the court's clerk entered the order. The court did so because it intended to grant the motions to intervene by the license holders to give them an opportunity to file motions for reconsideration challenging the propriety of the trial court's application of the law to the undisputed facts, which it specifically allowed. The trial court then provided the intervenors the opportunity to join the litigation, file their motions for reconsideration, and otherwise participate in the proceedings. After considering all the motions for reconsideration and conducting a hearing, the trial court concluded that it correctly applied the law to the facts and determined that Happy Trails had demonstrated its entitlement to relief. Accordingly, in September 2020, it lifted the stay on its April 2020 Opinion and Order, and denied the motions for reconsideration.

The trial court did not act arbitrarily when it granted Happy Trails's motion, it merely erred in its application of the law to the facts. Further, the trial court recognized that due process required that the license holders be brought into the litigation so that they could advocate for their interests. For that reason, it stayed its own order to give the intervenors time and opportunity to identify errors in the trial court's application of the law that might warrant revisiting the court's decision. Moreover, by joining them to the consolidated lawsuits, the trial court protected the intervenors' right to seek appellate review of the trial court's decisions. The trial court also held a lengthy hearing at which it gave the intervenors the opportunity to address issues that had not been identified by the City, and it addressed those issues before upholding its earlier decision. The trial court's efforts to protect the rights

of the license holders met the requirements of procedural due process. See *Bonner*, 495 Mich at 235-240, 848 N.W.2d 380. [*Pinebrook I*, 343 Mich App at 153-155.][8]

### 3. LACHES, PUBLIC POLICY, AND TIMING DEFENSES

Several appellants argue on appeal that the trial court nevertheless erred when it granted Happy Trails's motion because the trial court should have chosen to deny the requested relief on various grounds. They assert that the trial court should have determined that the doctrine of laches and public policy barred the relief. They also argue that the trial court could not grant relief because the trial court did not have jurisdiction over the claims when Happy Trails sued too early. Addressing each in turn, we conclude that appellants are not entitled to relief.

### A. LACHES

First, appellants argue that the trial court should have applied the doctrine of laches to bar Happy Trails's request for relief because Happy Trails should have moved for summary disposition sooner or should have moved for a preliminary injunction. They assert that they were prejudiced by these failures to act earlier because, but for the delays, they would not have expended funds in reliance on their licenses. We disagree that the trial court erred when it refused to apply the doctrine of laches to bar Happy Trails's claims.

A complainant in equity has a duty to exercise reasonable diligence in the assertion of his or her claims. See *Knight v Northpointe Bank*, 300 Mich App 109, 114; 832 NW2d 439 (2013). "If a plaintiff has not exercised reasonable diligence in vindicating his or her rights, a court sitting in equity may withhold relief on the ground that the plaintiff is chargeable with laches." *Id*. Under those circumstances, the court will simply leave the parties where it finds them. *Id*. As this Court has explained, although timing is an important factor, it is the effect of the delay that is the deciding factor in determining whether to apply the doctrine of laches. *Id*. at 114-115.

The record shows that plaintiffs quickly sued the City and its entities to compel them to comply with the Marijuana Ordinance and the OMA at about the time that the Review Committee sent its recommendations and the City Council adopted those recommendations. This demonstrated that whether the Review Committee and the City Council had complied with the relevant law in assessing whether and to whom to grant licenses was already in dispute before the City Council acted to issue licenses. Moreover, this dispute was ongoing as of the decision to issue the licenses. The City's lawyer noted the ongoing dispute at the meeting at which the City Council approved the licenses and instructed the City Council about the trial court's decision to lift the stay. The City's lawyer also provided guidance to the City Council about how to proceed consistent with the trial court's instructions. Accordingly, every entity involved in the licensing process had notice that the City Council's decision had been challenged, was subject to court direction, and continued to be subject to challenge. The entities that obtained a license after the

---

[8] We note that portions of our analysis of intervening defendants' due-process claims of error assert that the trial court erred in its application of the law to the facts regarding the applicability of the OMA. Language that conflicts with *Pinebrook II* is not followed in this opinion because it has been overruled.

City Counsel's vote could not credibly proceed on the presumption that the City Council's decision was final and not subject to revision.

Given this record, Happy Trails's failure to seek a preliminary injunction or to move for summary disposition earlier did not prejudice the intervenors. The intervenors could have protected their own interests by promptly moving to intervene in the cases, could have sought relief from the court, or could have delayed the start of their projects and sought extensions of the applicable deadlines. Rather than take those steps, they proceeded on the assumption that plaintiffs would not prevail. Additionally, Happy Trails filed its motion for summary disposition within a few weeks of the City Council's decision to award the licenses. Given the complexity of the issues, it cannot be disputed that Happy Trails acted with due diligence. See *id*. The trial court, therefore, did not err when it refused to apply the doctrine of laches to bar Happy Trails's claims.

## B. PUBLIC POLICY AND TIMING

Relatedly, some intervening defendants argue that the trial court should have refused to grant Happy Trails's motion for summary disposition on public policy grounds on the basis that the time lapse between the City Council's decision to grant the licenses to the time Happy Trails moved for summary disposition favored letting the decision stand. Intervening defendants solely rely on caselaw stating that courts should not lightly alter the common law when it has induced significant reliance. See *Woodman v Kera LLC*, 486 Mich 228, 245; 785 NW2d 1 (2010); *Bott v Comm of Natural Resources of State of Mich Dept of Natural Resources*, 415 Mich 45, 77-78; 327 NW2d 838 (1982). Those cases, however, are inapposite because this case does not involve a change in the common law.

Some intervening defendants argue that a trial court's order in a related, but different, case bound the trial court in this case. The order in that case merely involved a stipulated order of dismissal. This order had no precedential effect that bound the trial court, MCR 7.215(C) (stating that a published decision by this Court had precedential effect), and did not constitute a decision on the merits that would warrant application of res judicata—even if plaintiffs had been parties to that case, see *Bennett v Mackinac Bridge Auth*, 289 Mich App 616, 630; 808 NW2d 471 (2010).

Some intervening defendants also argue that the trial court did not have jurisdiction to consider any of the plaintiffs' complaints because the complaints were not filed within 60 days after the approval of the minutes under MCL 15.270(3). We disagree. The trial court did not err when it concluded that the jurisdictional bar in MCL 15.270(3) did not apply to the facts of this case.

Under MCL 15.270(3), the circuit court would not have "jurisdiction to invalidate a decision of a public body" for a violation of the OMA unless the plaintiff "commenced" the action "within" a specified number of days after the approved minutes involving the decision were made public. Under the plain language of the jurisdictional bar, a trial court ceases to have jurisdiction to invalidate a decision after the passage of the applicable period. MCL 15.270(3). It does not provide that the circuit court only has jurisdiction from the time that the minutes were made public to the end of the stated period. Indeed, if that were the case, a public body could deprive the circuit court of jurisdiction to ever hear a claim involving invalidation of a decision by simply failing to release minutes. Accordingly, the Legislature provided only that circuit courts do not have

jurisdiction to consider claims to invalidate that were filed after the applicable deadline. In this case, some plaintiffs sued on October 7, 2019, before the release of the relevant minutes in April 2020. MCL 15.270(3) did not divest the circuit court of jurisdiction to consider claims made before the release of the minutes.

Moreover, this Court's decision in *Lockwood v Ellington Twp*, 323 Mich App 392; 917 NW2d 413 (2018), does not require a different result. In *Lockwood*, the plaintiff sued a township's board in an action for quo warranto, not under the OMA, to prevent the board from invalidating an earlier decision that the board determined had been made in violation of the OMA. See *id*. at 395. Notably, the board never released minutes from the earlier board meeting. *Id*. at 403. This Court determined that the applicable period, therefore, had not begun to run for purposes of applying MCL 15.270(3). *Id*. Nevertheless, this Court held that the trial court still lacked jurisdiction to invalidate any decision under the OMA because no one had commenced an action under the OMA. *Id*. at 403-404. This case is not analogous to *Lockwood*. Plaintiffs invoked the trial court's jurisdiction by suing to invalidate the decisions made by the Review Committee under MCL 15.270(1). Moreover, they sued before the expiration of the period stated under MCL 15.270(3). Therefore, the trial court had jurisdiction to consider the claims.

## C. RIPENESS

Finally, the doctrine of ripeness did not bar the claims at issue. Generally, a claim that rests on a contingent future event may be barred under the doctrine of ripeness because there is no actual controversy. See *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 554; 904 NW2d 192 (2017). Happy Trails sued to invalidate the decisions that it believed the Review Committee had made in violation of the OMA and to compel the Review Committee and the City Council to comply with the OMA and the Marijuana Ordinance. Happy Trails's claims involved an actual controversy over the decisions that had been made and the issuance of the licenses at issue. Its claims were not contingent on a future event or otherwise hypothetical. See *id*. As such, the doctrine of ripeness did not apply.

## 4. ACTUAL ATTORNEY FEES UNDER THE OMA

Happy Trails and Kapp Walled Lake argue on cross-appeal that the trial court erred when it refused to award them their actual attorney fees under MCL 15.271(4), after it determined that the Review Committee violated the OMA and invalidated the decisions by the Review Committee and City Council that flowed from the OMA violations. Concluding that Happy Trails and Kapp Walled Lake were not granted "injunctive relief" for purposes MCL 15.271(4), we disagree.

The Legislature provided three distinct types of claims under the OMA. A person may sue to invalidate a decision under MCL 15.270; a person may sue to compel compliance or enjoin noncompliance with the OMA under MCL 15.271; and a person may sue a public official for an intentional violation of the OMA under MCL 15.273. The Legislature provided that a person who prevails in an action brought under MCL 15.271 or MCL 15.273 is entitled to his or her actual attorney fees. See MCL 15.271(4); MCL 15.273(1).

In this case, there is no dispute that Happy Trails and Kapp Walled Lake did not sue a public official for an intentional violation under MCL 15.273. They sued to invalidate the Review

Committee's decisions and for injunctive relief. However, the trial court specifically declined ordering injunctive relief when it granted Happy Trails's motion for summary disposition. Instead, it invalidated the Review Committee's decisions that were made in violation of the OMA and voided the decisions by the Review Committee and City Council that arose from the invalidated decisions, which it characterized as other equitable relief.

Our Supreme Court has held that the Legislature intended to limit an award of actual attorney fees under MCL 15.271(4) to those cases in which the plaintiff successfully obtains injunctive relief to either compel compliance or enjoin further noncompliance. See *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 143-144; 860 NW2d 51 (2014). Moreover, the Court held that a trial court's decision to grant declaratory relief was not sufficient to meet the requirements of the statute; the plaintiff had to prevail on a claim for injunctive relief. *Id*. at 144-145.

In this case, the trial court specifically declined to exercise its discretion to either order the City, the City Council, and the Review Committee to comply with the OMA or to enjoin them from violating the OMA. Because Happy Trails and Kapp Walled Lake did not obtain "injunctive relief to compel compliance or to enjoin further noncompliance" consistent with MCL 15.271(4), they were not entitled to an award of actual attorney fees. *Id*. at 143-144.

Happy Trails argues that the trial court erred and relies on dictionary definitions for the phrase "injunctive relief," to suggest that the trial court's decision to void the licenses that the City Council authorized, constituted a grant of injunctive relief. Happy Trails's reliance on the dictionary definition of the term is misplaced. The Legislature clarified the nature of the injunctive relief that must be granted must be one brought to "compel compliance or to enjoin further noncompliance" with the OMA, and must be one in which the plaintiff "succeeds in obtaining" that relief. See MCL 15.271(4). Consequently, even if the phrase "injunctive relief" can encompass a broader array of remedies, it is undisputed that the trial court did not order any defendant to comply with OMA and did not enjoin any defendant from further noncompliance with the OMA. Accordingly, MCL 15.271(4) did not apply. The trial court, therefore, did not err when it refused the request for actual attorney fees by Happy Trails and Kapp Walled Lake.

5. ESTOPPEL

On cross-appeal, Aubrey Ventures argues that the trial court should have determined that the City was estopped from issuing any licenses without rescoring the factors provided under Marijuana Ordinance, § 19.5-13(4)(b). More specifically, it argues that the evidence showed that it changed the location of its proposed business and several agents of the City informed Aubrey Ventures that that change would not be a problem. Aubrey Ventures argues that these statements induced Aubrey Ventures to invest resources in the rescoring process, so the City should have been estopped from issuing any licenses without first rescoring the factors for Aubrey Ventures using the new location.

Aubrey Ventures relies on caselaw in which the courts discuss when a municipality might be estopped from enforcing a regulation against a person who relied on acts by the municipality concerning the enforcement to his or her detriment. See *Pittsfield Twp v Malcolm*, 375 Mich 135, 146-148; 134 NW2d 166 (1965); *Howard Twp Bd of Trustees v Waldo*, 168 Mich App 565, 575;

425 NW2d 180 (1988). It also relies on cases that restate general principles of estoppel. See *Parker v West Bloomfield Twp*, 60 Mich App 583, 591; 231 NW2d 424 (1975). However, this case does not involve an attempt by a municipality to enforce a regulation under circumstances in which it led Aubrey Ventures to believe that it was in compliance with the regulation. Additionally, Aubrey Ventures did not present evidence to support the conclusion that the City acted in such a way that it caused Aubrey Ventures to act on the belief that no licenses would be issued without first rescoring the factors applicable to Aubrey Ventures. At best, Aubrey Ventures presented evidence that the Review Committee agreed that the change would not be a problem and that the Review Committee would take the change into consideration in some manner. Under these facts, the trial court cannot be said to have erred to the extent that it declined to rely on estoppel as a ground for reordering the Review Committee to again score the applicants.

### III. PLAINTIFFS' APPEALS INVOLVING THE DUE-PROCESS CLAIMS

Plaintiffs argue that the trial court erred by granting the City's motion for summary disposition of plaintiffs' due-process claims under MCR 2.116(C)(8). The trial court granted the motion on the basis that all claims involved the application of the Marijuana Ordinance and the plaintiffs could not establish that they had a property interest in the outcome of the application of the Marijuana Ordinance. As previously stated, our Supreme Court reversed *Pinebrook I* in full, including this Court's analysis of plaintiffs' due-process claims of error. Noting that plaintiffs' due-process claims were not before the Supreme Court, *Pinebrook II*, ___ Mich at ___; slip op at 18 n 8, we incorporate and adopt our previous holding that the trial court did not err by granting the City's motion for summary disposition of plaintiffs' due-process claims, *Pinebrook I*, 343 Mich App at 156-167.

First, we held that the trial court's decision on the claims involving the OMA did not render the due-process claims moot. We previously explained that "the OMA claims did not involve claims on which the trial court could have granted relief directly related to the proper application of the Marijuana Ordinance," whereas, "the due-process claims focused on the procedures for licensing medical marijuana facilities under the Marijuana Ordinance" and "might support a claim for monetary damages." *Id*. at 157-158. Second, we held that the procedural protections of the Due Process Clause did not apply to plaintiffs because, as first-time applicants for a license, they did not have property interests in the issuance of the license. *Id*. at 159-164. Third, we held that plaintiffs' assertion that the City violated substantive due process in the manner by which it denied the licenses failed both because plaintiffs failed to identify an interest protected by due process and because plaintiffs failed to allege any acts that were so irrational or egregious that it could satisfy a shocks-the-conscience standard. *Id*. at 164-166. Finally, we held that the trial court did not err by declining to permit plaintiffs the opportunity to amend complaints to better state their due-process claims on the basis that the evidence before the court showed that an amendment would not be justified. *Id*. at 166-167. We incorporate and adopt each of these holdings from *Pinebrook I* and conclude that the trial court did not err by dismissing plaintiffs' due-process claims.

## IV. APPEALS INVOLVING THE TRIAL COURT'S ORDER ENFORCING THE JUDGMENT

In Docket Nos. 359269 and 359285, intervening defendants appeal by leave granted the trial court's order invalidating the City's decision to reissue licenses to them as part of a settlement agreement entered into by the City and the intervening defendants in a different case. The intervening defendants argue that the trial court lacked the authority to invalidate the licenses that had been issued under the agreement. Concluding that the trial court abused its discretion by invalidating the City's decision to reissue the licenses and scheduling a show-cause hearing, we vacate the trial court's October 26, 2021 order.

### A. STANDARD OF REVIEW

We review de novo whether the trial court properly interpreted its judgment. See *Neville v Neville*, 295 Mich App 460, 466; 812 NW2d 816 (2012). We also review de novo questions involving jurisdiction. See *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). This Court, however, reviews a trial court's exercise of its inherent authority to enforce its judgment for an abuse of discretion. See *In re Parole of Hill*, 298 Mich App 404, 429; 827 NW2d 407 (2012). A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Id*.

### B. ANALYSIS

After the trial court denied the motions for reconsideration and lifted the stay on its April 2020 Opinion and Order, the court's order took effect and invalidated the licenses that the City had issued to the 15 intervening defendants. Sometime after that, the City entered into a settlement agreement with those same 15 entities and agreed to issue them new licenses. The City Council later approved the licenses. In reissuing the licenses, the City Council again ignored the requirements for issuing licenses that it established by its own ordinance. In response, plaintiffs moved in the trial court to enforce the court's April 2020 Opinion and Order. The trial court determined that the City had violated its April 2020 Opinion and Order by reissuing the licenses and again invalidated them.

On appeal, intervening defendants argue that the trial court did not have jurisdiction to invalidate the licenses on the ground that the settlement agreement violated the judgment in this case. More specifically, they contend that the trial court in effect modified its judgment to include an injunction against reissuing the licenses, which it could not do because the case was on appeal in this Court.

In the April 2020 Opinion and Order, the trial court provided the following as the terms of its judgment:

> THEREFORE IT IS ORDERED AND ADJUDGED that plaintiff's motion for partial summary disposition is GRANTED and defendant's cross motion for summary disposition is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that the actions of the Marijuana Review Committee, including its recommendations, scoring, and ranking of applicants are vacated, invalidated, and held to be of no force and effect.

IT IS FURTHER ORDERED AND ADJUDGED that all actions taken by the Warren City Council awarding licenses to the 15 applicants recommended by the Marijuana Review Committee, including the actions taken on October 8, 2019, and subsequent actions taken to override the mayor's veto, are vacated, invalidated and of absolutely no force and effect.

IT IS FURTHER ORDERED that plaintiff's request for attorney fees is DENIED.

This judgment applies to all parties. This is not a final order and does not close the case.

The trial court had the authority to grant the relief provided under MCL 15.270, but also had the discretion to order injunctive relief, see MCL 15.271(1). Plaintiffs also asked the trial court generally to exercise its equitable powers to rectify the OMA violations and order the City to comply with its own ordinances for approving applications. When sitting in equity, a trial court has broad authority to craft a decree to accord complete equity and conclude the controversy. See, e.g., *Wiand v Wiand*, 178 Mich App 137, 144; 443 NW2d 464 (1989) (discussing the authority that a trial court has when sitting in equity). The trial court's April 2020 Opinion and Order included decrees beyond merely invalidating the decisions at issue under MCL 15.270. Accordingly, the trial court clearly provided equitable relief. The term "judgment" includes decrees in modern usage. See MCL 600.112. Accordingly, the trial court's April 2020 Opinion and Order constituted a judgment or decree. The trial court's order denying reconsideration in December 2020, and its April 2020 Opinion and Order together resolved all the remaining claims and constituted a final judgment or final order in the case. See MCR 7.202(6)(a)(*i*).

After a claim of appeal has been filed with this Court, the trial court can no longer amend its judgment or the order appealed with certain limited exceptions not applicable here. See MCR 7.208(A). The trial court, however, retains the authority to enforce its judgment. See MCR 7.209(A)(1).

Plaintiffs moved to enforce the judgment on the ground that they believed that the City had violated the judgment when it issued new licenses to the intervening defendants after the trial court invalidated the licenses. The trial court agreed. At a hearing on plaintiffs' motion to enforce the judgment, the trial court stated that it had to put substance over form, and it felt that the settlement agreement violated its judgment. The court related that it entered the judgment with the intent to explain the relationships and the legal obligations of the parties. The court referred, by way of example, to MCR 2.605, which allowed a court to enter declaratory relief. The court stated that, "under an amalgam of injunctive law, equitable relief law and declaratory judgment law," it had the authority to enforce its judgment. The court determined that the only way to enforce its judgment was to again invalidate the licenses.

The trial court explained the rationale for its decision. It opined that the City did not have the right to settle a case in a way that contravened the rights of other parties or of a separate judgment. The court stated that only the Court of Appeals could reverse an order of the court; the parties may not do that through an agreement. The court further worried that this case involved a bad precedent that would make all claims under the OMA meaningless because anybody could go into court on the other side and then reach a settlement entirely inconsistent with the court's previous ruling. The court stated that it did not include an injunction in the April 2020 Opinion and Order because it presumed that the City would follow the court's order; it was implied, the court stated, that nothing would happen until after the Court of Appeals made its decision. It stated that it intended for the City to reopen the application process after invalidating the original licenses, and it thought that was clear from its order. For those reasons, it felt that the City's effort to evade restarting the application process violated its judgment.

Following this hearing, the trial court entered an order on October 26, 2021, which states in relevant part:

IT IS HEREBY ORDERED as follows:

1. For the reasons stated by the Court on the record on October 7, 2021, the Motion is granted and the Court hereby finds and declares that (a) the award of marihuana provisioning center licenses to the 15 Intervenors . . . through the settlement agreement between the City of Warren and the Intervenors dated August 20, 2021, violates the Judgment, and (b) any licenses awarded or to be awarded under the settlement agreement are invalid and null and void pending exhaustion of the pending appeal regarding the Judgment.

Nothing within the trial court's order of October 26, 2021, impliedly or explicitly amended the trial court's April 2020 Opinion and Order. Instead, the trial court explicitly stated that it entered the order to enforce its judgment. Because the court's order does not amend the April 2020 Opinion and Order, but instead purported to enforce the April 2020 Opinion and Order, the trial court had jurisdiction to enter the order. See MCR 7.209(A)(1). Nevertheless, the trial court abused its discretion when it entered the order.

Although the City attempted to undo the effect of the trial court's judgment from April 2020, the April 2020 Opinion and Order did not prevent the City from processing applications and issuing licenses. Nothing in the April 2020 Opinion and Order enjoined any party from taking any action after entry of the judgment, nor did the language within the order require any party to take any actions. Although the trial court granted equitable relief as part of its judgment, it expressly declined to provide for any injunctive relief.

Apparent from its remarks at the hearing on plaintiffs' motion to enforce the judgment, the trial court believed that the City would, after the trial court's clarification, make a good-faith effort to follow the law, which included making a good-faith effort to follow the mandates of its own ordinances. See, e.g., *Davis*, 296 Mich app 622-623 (noting that a trial court should normally resort to declaratory relief on the assumption that the municipality will follow the law). This case is the exceptional case in which the City twice chose to disregard its own ordinance after the court clarified its proper application. A variety of ways may exist to attack in a separate lawsuit the

-31-

City's settlement agreement as ultra vires; the trial court, however, could not invalidate the licenses under the guise of enforcing a judgment that did not include any injunctive relief. Because the April 2020 Opinion and Order did not include terms that barred the City from reissuing licenses without complying with the law, the OMA and its ordinances, the trial court abused its discretion when it invalidated the City's decision to reissue the licenses on the ground that the April 2020 Opinion and Order precluded the City from so doing. See *In re Parole of Hill*, 298 Mich App at 429.

The same is true for the trial court's decision to allow a show-cause hearing. The trial court did not enjoin any conduct in the April 2020 Opinion and Order, so the City could not have acted in contempt of that judgment. The trial court abused its discretion when it allowed plaintiffs to schedule a show-cause hearing. See *id*. For this reason, we vacate the October 26, 2021 order.

## V. CONCLUSION

For the reasons discussed, in Docket Nos. 355989, 355994, 355995, 356005, 356011, 356017, 356023, we affirm the trial court's April 2020 Opinion and Order and the order denying reconsideration of that order. However, in Docket Nos. 359269 and 359285, we vacate the order dated October 26, 2021. We remand this case for further proceedings consistent with this opinion.

Affirmed in Docket Nos. 355989, 355994, 355995, 356005, 356011, 356017, 356023, vacated in Docket Nos. 359269 and 359285, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

We further exercise our discretion under MCR 7.219(A), and order that none of the parties may tax their costs.

/s/ James Robert Redford
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

-32-